■ SEYMOUR GROSSFELD et al., Appellants, v. LEONARD BECK, Individually and Doing Business as LENNY'S STEAK HOUSE, et al., Defendants; FOURTH OCEAN PUTNAM CORP., Respondent.— In a shareholder's derivative action to impress a constructive trust on certain real property and for an accounting, plaintiffs appeal from an order of the Supreme Court, Nassau County, entered March 29, 1973, which granted a motion by defendant Fourth Ocean Putnam Corp. to cancel of record a *lis pendens* theretofore filed. Order reversed, with $20 costs and disbursements, and motion denied. In our opinion a *lis pendens* may properly be filed in a shareholder's derivative action if the action is one "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501). In this case, one cause of action seeks to impress a constructive trust on real property and the other seeks an accounting for waste of corporate assets. The first cause of action obviously affects title to real property and is sufficient to permit the filing of a *lis pendens.* Our decisions in *Rubinfeld* v. *Mappa* (42 Misc 2d 464, affd. 24 A D 2d 489) and *Gross* v. *Price* (283 App. Div. 1107) are not in conflict with this holding. In *Rubinfeld* the plaintiff sued derivatively for an accounting and to impress a constructive trust on real property. In cancelling the *lis pendens,* Special Term held that the gravamen of the complaint was waste of corporate assets rather than title to real property. Although we affirmed the cancellation of the *lis*

*pendens* without opinion, our reason differed from the one stated by Special Term. We did so because in the year between the cancellation of the *lis pendens* and the perfection of the appeal in this court the property was acquired by innocent purchasers for value. Hence, the reinstatement of the *lis pendens* would have been ineffectual. In *Gross* v. *Price* (*supra*), the plaintiff did not plead a cause of action to impress a constructive trust on real property. He merely pleaded a cause of action for waste of corporate assets which, if reduced to judgment, would not affect title to real property. Munder, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.