HAZEL KEEN, Respondent, v MURRAY KEEN et al., Appellants, et al., Defendants

On or about November 5, 1979, the plaintiff commenced the instant action by service of a summons with notice upon nearly all of the named defendants. Thereafter, the parties, through their attorneys, entered into various stipulations extending, sine die, the time periods within which both the complaint and an answer were to be served. Given these circumstances, the plaintiff has proffered a reasonable excuse for having not entered a default judgment within the statutory time period (see, CPLR 3215 [c]; Woodward v City of New York, 119 AD2d 749). Moreover, the plaintiff has demonstrated that her cause of action possesses merit (see, Grosso v Hauck, 99 AD2d 750; cf., Di Carlo v Bravo Tours, 129 AD2d 552).

The complaint, which seeks to impose a constructive trust on real property allegedly purchased with funds fraudulently removed from the defendant Investors Data Technology, Inc., and requests a reconveyance of real property to that corporation, clearly demands a judgment which would affect the title to, or the possession, use or enjoyment of real property (see, CPLR 6501). Therefore, it justifies the filing of a lis pendens by the plaintiff (see, 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 320; Grossfeld v Beck, 42 AD2d 844). Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.