■ LEE BORRERO, Appellant, v EAST HARLEM COUNCIL FOR HUMAN SERVICES, INC., Respondent, et al., Defendant.—Order, Supreme Court, New York County (David Edwards, Jr., J.), which canceled plaintiff's notice of pendency, is unanimously affirmed, without costs.

In May 1985, plaintiff provided architectural goods and services to the defendants in the amount of $43,079. In October of 1987, he commenced an action for payment. The complaint requested only money damages. In November 1987, he filed a notice of pendency.

On February 27, 1990, the defendant filed an order to show cause requesting that the notice of pendency be canceled so it could convey the property to the IRS. There was no mechanic's lien nor did the plaintiff in his complaint request that an equitable lien be impressed.

The court properly canceled the notice of pendency.

On appeal, the plaintiff argues his complaint supported an action to impress an equitable lien by the court, and thus, the notice of pendency should not have been canceled. We disagree.

While it is true that a notice of pendency may be filed in any action which would affect the title to, or possession, use or enjoyment of real property (CPLR 6501; Civ Prac Act § 120), and a lis pendens may be filed in an action seeking to establish and impress an equitable lien *(Rosenberg v Ritter,* 34 Misc 2d 1099, 1100), a lis pendens will be canceled where the facts alleged in the complaint are insufficient in law to support an equitable lien. *(Supra,* at 1099.) In the case at hand, the complaint requested only money damages, and not equitable relief. Where the cause of action asserts money damages arising out of a breach of contract, the complaint will be insufficient to justify a lis pendens. *(Gokey v Massey,* 278 App Div 630.) Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.