■ DOMINICK PIZZURRO, Appellant, v JOSEPH PASQUINO et al., Respondents. [607 NYS2d 975] —In a shareholder's derivative action, *inter alia,* to impose a constructive trust upon funds allegedly diverted from the defendant Dobbs Ferry Road Realty Corp. by the defendant Joseph Pasquino, the plaintiff appeals from so much of an order of the Supreme Court,

Westchester County (Wood, J.), entered October 30, 1991, as granted the defendants' motion to cancel a notice of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

In pertinent part, CPLR 6501 authorizes the filing of a notice of pendency in any action in which the judgment demanded "would affect the title to, or the possession, use or enjoyment of, real property". In ascertaining the sufficiency of a complaint to determine whether or not a notice of pendency was properly filed, the court is not to investigate the underlying transaction, but is limited to a review of the face of the pleading. Furthermore, given the powerful impact that a notice of pendency has on the alienability of property, such a provisional remedy is to be narrowly applied to only those actions directly affecting title to, or possession, use or enjoyment of, real property *(see, 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313).

While a notice of pendency may be filed in a shareholder derivative action when the property to be held in a constructive trust is corporate real property *(see, e.g., Keen v Keen,* 140 AD2d 311; *Grossfeld v Beck,* 42 AD2d 844), such is not the case here. The plaintiff's complaint clearly delineates the property which is to form the res of the constructive trust as funds allegedly diverted from the defendant Dobbs Ferry Road Realty Corp. by the defendant Joseph Pasquino. The real property owned by the defendant Dobbs Ferry Road Realty Corp. is not the object of the plaintiff's claim for the imposition of a constructive trust.

Because the judgment will not affect, *inter alia,* title to real property owned by Dobbs Ferry Road Realty Corp., the notice of pendency was properly cancelled *(see,* CPLR 6501; *Gross v Price,* 283 App Div 1107; 75 NY Jur 2d, Lis Pendens, §§ 12, 25). Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.