■ FYODOR TSIPORIN et al., Appellants, v ELIZABETH ZIEGEL et al., Respondents. [610 NYS2d 603] —In an action, *inter alia,* to recover a downpayment given pursuant to a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Queens County (Milano, J.), dated May 12, 1992, (a) as denied their motion for leave to enter a default judgment against defendants Elizabeth Ziegel, Audrey Serel, and Susan Feldman, and to direct the return of the downpayment and accrued interest, and (b) which, upon the court's own motion, vacated a notice of pendency filed against the real property; and (2) from so much of an order of the same court, dated August 19, 1992, as, upon granting reargument, adhered to its original determination.

Ordered that the appeal from the order dated May 12, 1992, is dismissed as that order was superseded by the order dated August 19, 1992, made upon reargument; and it is further,

Ordered that the order dated August 19, 1992, is modified by deleting the provision thereof which denied those branches of the plaintiffs' motion which were for leave to enter a default judgment against the defendants Elizabeth Ziegel, Audrey Serel, and Susan Feldman, and for release of the downpayment and any interest accrued thereon, and substituting therefor provisions granting those branches of the plaintiffs' motion; as so modified, the order dated August 19, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The court did not improvidently exercise its discretion in denying the branch of the plaintiffs' initial motion which was for leave to enter a default judgment against the sellers since

the affidavit of additional notice submitted in support of the motion was not in the form required by CPLR 3215 (f) (3) (i). However, the plaintiffs were subsequently entitled to a default judgment against the sellers since on their motion for reargument and/or renewal, they submitted an affidavit which stated that they had mailed an additional notice to the sellers in compliance with the requirements of CPLR 3215 (f) (3) (i).

The court properly vacated the notice of pendency filed by the plaintiffs against the property which was the subject of the underlying contract. "A notice of pendency may be filed in any action * * * in which the judgment * * * would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501). Because of its drastic impact on the property and the ease with which it can be obtained, a notice of pendency should be applied "to only those lawsuits directly affecting" the subject property (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 315). Here, the notice of pendency was improperly filed since the plaintiffs' action sought only the return of their downpayment, and did not directly affect the property which was the subject of the contract of sale. Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.