■ STOJA M. RAJIC, Appellant, v WILLIAM SAROKIN et al.,

Respondents. (And a Third-Party Action.) [625 NYS2d 94] —In an action, *inter alia,* to recover a down payment for the purchase of real estate, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered September 10, 1993, as granted that branch of the defendants' motion which was to discharge a notice of pendency in a separate action.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[A] notice of pendency may be filed in any action * * * in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501). A narrow interpretation is mandated in reviewing whether an action is one affecting "the title to, or the possession, use or enjoyment of, real property." A court is not to investigate the underlying transaction in determining whether a complaint comes within the scope of CPLR 6501. Instead, a court's analysis is to be limited to the face of the pleadings *(see, 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 320-321). Here, the plaintiff's complaint against the seller of the real property at issue sought only the return of her down payment and related damages. The action was not one in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property. Accordingly, the court properly granted the defendants' motion *(see, Tsiporin v Ziegel,* 203 AD2d 451; *cf., Interboro Operating Corp. v Commonwealth Sec. & Mtge. Corp.,* 269 NY 56). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.