■ GARY RABINOWITZ, Respondent, v LARKFIELD BUILDING CORP. et al., Defendants. BEECHWOOD LARKFIELD MANAGEMENT CORP., Nonparty Appellant. [647 NYS2d 820] —In an action, *inter alia,* to set aside the conveyance of a certain parcel of real property, Beechwood Larkfield Management Corp. appeals (1) from an order of the Supreme Court, Suffolk County (Gerard, J.), dated August 10, 1995, which denied its motion to cancel a notice of pendency filed by the plaintiff and for an award of costs and expenses in connection therewith, and (2) as limited by its brief, from so much of an order of the same court, dated January 31, 1996, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated August 10, 1995, is dismissed, as that order was superseded by the order dated January 31, 1996, made upon reargument; and it is further,

Ordered that the order dated January 31, 1996, is modified, on the law, by deleting the provision thereof denying that branch of the appellant's motion which was to cancel the notice of pendency and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the appellant is awarded one bill of costs.

We agree with the appellant Beechwood Larkfield Management Corp. (hereinafter Beechwood) that the Supreme Court erred in denying its request to cancel the notice of pendency filed by the plaintiff. It is undisputed that Beechwood acquired the subject parcel by deed dated September 9, 1994, and recorded September 15, 1994. The plaintiff thereafter commenced this action and filed a notice of pendency on the property on October 11, 1994, but failed to serve Beechwood, the record owner, within 30 days thereafter as required by CPLR 6512. Under these circumstances, the plaintiff failed to strictly comply with the procedures of CPLR article 65 (*see generally,*

*Da Silva v Musso,* 76 NY2d 436; *5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313) and Beechwood was entitled to cancellation of the notice of pendency pursuant to CPLR 6514 (a) (*see, Skoler v Rimberg,* 20 AD2d 580). The unsubstantiated assertion of the plaintiff's counsel that a "last owner search" was conducted one week prior to the filing of the notice and commencement of the action, and that the search failed to reveal the conveyance to Beechwood, is insufficient to warrant a contrary conclusion.

Moreover, contrary to the Supreme Court's determination, since the defendants who were timely served in the action in accordance with CPLR 6512 had no ownership interest in the premises, the service upon them does not preclude cancellation of the notice of pendency (*see, Slutsky v Blooming Grove Inn,* 147 AD2d 208, 212; *Vogel v Meixner,* 119 AD2d 877).

Finally, while the notice of pendency should be canceled, we find that an award of costs and expenses pursuant to CPLR 6514 (c) is not warranted under the circumstances of this case (*cf., Josefsson v Keller,* 141 AD2d 700). Sullivan, J. P., Pizzuto, Santucci and Hart, JJ., concur.