■ DISTINCTIVE CUSTOM HOMES BUILDING CORP. et al., Appellants, v MANUAL ESTEVES et al., Respondents. [785 NYS2d 476]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from so much an order of the Supreme Court, Suffolk County (Emerson, J.), dated November 21, 2003, as granted that branch of the defendants' motion which was to vacate two notices of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 6501 provides that "[a] notice of pendency may be filed in any action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of real property." In the instant case, nine of the complaint's eleven causes of action sought to recover damages based on an alleged breach of a contract, and one sought an accounting to determine the amount of money damages. Accordingly, none of these causes of action sought a judgment which would "affect the title to, or the possession, use or enjoyment of real property," and thus were inadequate to support the filing of a notice of pendency (CPLR 6501; *see 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313 [1984]; *Borrero v East Harlem Council for Human*

*Servs.*, 165 AD2d 807 [1990]; *Interior Design Force v Dorfman*, 151 AD2d 461 [1989]).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.