■ Marta J. Montes Serrano, Respondent, v New York Times Company, Inc., Appellant, et al., Defendants. [797 NYS2d 135]—

In an action to recover damages for personal injuries, the defendant New York Times Company, Inc., appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), dated June 18, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

A parent company will not be held liable for the torts of its subsidiary unless it can be shown that the parent exercises complete dominion and control over the subsidiary (*see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163 [1980]; *Potash v Port Auth. of N.Y. & N.J.*, 279 AD2d 562 [2001]). Here, the plaintiff failed to oppose the prima facie showing by the appellant with sufficient evidence to raise a triable issue of fact as to whether the appellant so controlled the operations of the subsidiary company that it should be held liable for the negligence of the delivery truck driver. Moreover, the plaintiff made no showing that discovery might reveal the existence of facts within the appellant's control which would warrant the denial of the motion (*see* CPLR 3212 [f]; *Billy v Consolidated Mach. Tool Corp., supra; Ruttura & Sons Constr. Co. v J. Petrocelli Constr.*, 257 AD2d 614 [1999]). Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.