■ ZAHID ALI, Respondent, v RIAZ AHMAD et al., Appellants. [805 NYS2d 283]—

In a shareholder's derivative action, the defendants appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 28, 2004, which denied their motion to cancel a notice of pendency filed by the plaintiff.

Ordered that the order is reversed, on the law, with costs, and the motion is granted; and it is further,

Ordered that the Queens County Clerk is directed to cancel the notice of pendency dated February 14, 2004, indexed against Block 8578, Lot 41.

A notice of pendency may be filed in any action "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501; *see Matter of Sakow*, 97 NY2d 436, 440 n 3 [2002]). This includes a shareholder's derivative action "if the suit is seeking to recover the

corporation's real property" (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 324 n 8 [1984]; *see Keen v Keen*, 140 AD2d 311, 312 [1988]; *Grossfeld v Beck*, 42 AD2d 844 [1973]; *cf. Pizzurro v Pasquino*, 201 AD2d 635, 636 [1994]).

The complaint, which seeks, inter alia, to impose a constructive trust, does not, however, allege that the real property which would form the corpus of the trust is either a corporate asset or was purchased with fraudulently diverted corporate funds (*see Pizzurro v Pasquino, supra* at 636; *cf. Keen v Keen, supra* at 312). Moreover, the plaintiff's related actions for an accounting and to recover money damages do not affect the title to, or the use, possession, or enjoyment of real property (*see Distinctive Custom Homes Bldg. Corp. v Esteves*, 12 AD3d 559 [2004]; *Bennett v John*, 151 AD2d 711 [1989]).

The defendants' request for an award of costs and expenses (*see* CPLR 6514 [c]) is improperly raised for the first time on appeal (*see Sears Mtge. Corp. v Yaghobi*, 19 AD3d 402, 403 [2005]; *Gammal v La Casita Milta*, 5 AD3d 630, 631 [2004]).

In light of our determination, the defendants remaining contentions need not be addressed. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.