■ ALEXANDER SHKOLNIK, Respondent, v IGOR KRUTOY et al., Defendants, and ROMARO CORP. et al., Appellants. [819 NYS2d 839]—

In an action, inter alia, to recover damages for breach of contract, the defendants Romaro Corp., Zaliv Realty Corp., Aron Grinshpun, Zelig Zelster, and Sam Zelster appeal from (1) an order of the Supreme Court, Kings County (Johnson, J.), dated April 4, 2005, which denied their motion to vacate a notice of pendency filed by the plaintiff, and (2) an order of the same court dated July 8, 2005, which denied their motion, inter alia, for leave to reargue and/or renew their prior motion.

Ordered that the order dated April 4, 2005 is reversed, on the law, and the motion to vacate the notice of pendency is granted; and it is further,

Ordered that the appeal from the order dated July 8, 2005 is dismissed; and it is further,

Ordered that the Kings County Clerk is directed to cancel the notice of pendency dated November 15, 2004 indexed against Block 8815, Lot 16; and it is further,

Ordered that one bill of costs is awarded to the appellants.

A notice of pendency may be filed in any action "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501). However, because of "the powerful impact that this device has on the alienability of property," together with "the facility with which it may be obtained," the courts have applied a narrow interpretation in reviewing whether an action is one affecting the title to, or the possession, use or enjoyment of, real property (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 315-316, 321 [1984]; *see Rajic v Sarokin*, 214 AD2d 663, 664 [1995]; *Tsiporin v Ziegel*, 203 AD2d 451, 452 [1994]).

The complaint here seeks only monetary damages and an accounting to determine the amount of such damages. Accordingly, since a judgment for the plaintiff would not affect "the title to, or the use, possession, or enjoyment of, real property," the Supreme Court should have granted the defendants' motion to vacate the notice of pendency (*see Ali v Ahmad*, 24 AD3d 475 [2005]; *Distinctive Custom Homes Bldg. Corp. v Esteves*, 12 AD3d 559 [2004]; *Rajic v Sarokin, supra* at 663; *Tsiporin v Ziegel, supra* at 452; *Interior Design Force v Dorfman*, 151 AD2d 461, 462 [1989]; *cf. Keen v Keen*, 140 AD2d 311, 312 [1988]).

The appeal from so much of the order dated July 8, 2005 as denied reargument must be dismissed on the ground that no appeal lies from an order denying reargument. The appeal from so much of the order dated July 8, 2005 as denied renewal has been rendered academic in light of our determination of the ap-

peal from the order dated April 4, 2005. Schmidt, J.P., Ritter, Santucci and Lunn, JJ., concur.