■ BOARD OF MANAGERS OF WOODPOINT PLAZA CONDOMINIUM, Respondent, v WOODPOINT PLAZA, LLC, et al., Appellants. [841 NYS2d 471]—

In an action for specific performance of warranty provisions of a condominium offering plan, the defendants appeal from an order of the Supreme Court, Kings County (Ruditzky, J.), dated October 19, 2006, which denied their motion to cancel a notice of pendency filed by the plaintiff and for the imposition of sanctions against the plaintiff and the plaintiff's attorney pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was to cancel the notice of pendency filed by the plaintiff and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed; and it is further,

Ordered that the Kings County Clerk is directed to cancel the notice of pendency dated April 21, 2006, indexed against Block 2875, Lot 1002, and Block 2875, Lot 1003; and it is further,

Ordered that one bill of costs is awarded to the appellants.

A notice of pendency may be filed in any action "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501). "However, because of 'the powerful impact that this device has on the alienability of property,' together with 'the facility with which it may be obtained,' the courts have applied a narrow interpretation in reviewing whether an action is one affecting the title to, or the possession, use or enjoyment of, real property" (*Shkolnik v Krutoy*, 32 AD3d 536, 537 [2006], quoting *5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 315-316, 321 [1984]). Given this narrow interpretation of CPLR 6501, the Supreme Court should have granted that branch of the defendants' motion which was to cancel the notice of pendency filed by the plaintiff (*see 5303 Realty Corp. v O & Y Equity Corp., supra*; *Braunston v Anchorage Woods,* 10 NY2d 302 [1961]; *Weidel v Kaba Realty, LLC,* 36 AD3d 796 [2007]; *Shkolnik v Krutoy, supra*).

The defendants' remaining contention regarding the imposition of sanctions is without merit. Spolzino, J.P., Ritter, Lifson and Angiolillo, JJ., concur.