■ EBONY WILKERSON, Respondent, v 134 KITTY'S CORP. et al., Appellants, et al., Defendant. [854 NYS2d 169]–

The cause of action seeking to recover damages for assault is asserted against all the defendants. Since the underlying events occurred on September 28, 2002 and the action was not commenced by filing until July 5, 2005, the assault cause of action is untimely under the applicable one-year statute of limitations (*see* CPLR 215 [3]), and the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing that cause of action insofar as asserted against them.

However, as to the negligence cause of action including, inter alia, the issue of piercing the corporate veil as to the defendant Efren Rivera, the appellants failed to establish their prima facie showing of entitlement to summary judgment (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]; *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Allstate Ins. Co. v Persampire*, 45 AD3d 706 [2007]).

The Supreme Court providently exercised its discretion in denying that branch of the appellants' motion which was to change the venue of the action from Kings County to Otsego County based upon "the convenience of material witnesses and the ends of justice" (CPLR 510 [3]). The appellants failed to submit sufficient evidence of the criteria necessary to demonstrate entitlement to that relief (*see O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172-173 [1995]; *Frankel v Stavsky*, 40 AD3d 918, 919 [2007]; *Shindler v Warf*, 24 AD3d 429, 430 [2005]). That branch of the appellants' motion which was to change the venue of the action as a matter of right was properly denied, as it was untimely (*see* CPLR 511 [b]; *Castillo v Metropolitan Laundry Mach. Co.*, 299 AD2d 247 [2002]).

The appellants' remaining contention is without merit. Rivera, J.P., Miller, Dillon and Belen, JJ., concur.