■ Nassau County, Respondent, v Richard Dattner Architect, P.C., et al., Defendants, and KeySpan Corporation, Appellant. (And a Third-Party Action.) [868 NYS2d 727]—

In 1996 the defendant Roy Kay, Inc. (hereinafter Roy Kay), signed a contract with the defendant Dormitory Authority of the State of New York to perform heating, ventilation, and air conditioning work as part of the construction of an Aquatic Center for the plaintiff Nassau County. Roy Kay completed the project in 1998. On January 20, 2000 nonparty KeySpan Services, Inc. (hereinafter KSI), acquired all of the stock of Roy Kay. KSI was then, and remains, a wholly-owned subsidiary of KeySpan Energy Corporation, which is, in turn, wholly owned by the appellant KeySpan Corporation. Subsequent to KSI's acquisition of Roy Kay, Roy Kay was merged with KSI Contracting, LLC. KSI is the sole member of, and owns, KSI Contracting, LLC.

On February 27, 2004 Nassau County sued, among others, the appellant, alleging that the construction of the Aquatic Center was defective. Following its joinder of issue, the appellant moved for summary judgment dismissing the complaint insofar as asserted against it. It argued that when the subject contract was executed, it had no relationship to Roy Kay, and whatever liabilities Roy Kay had at the time it merged with KSI Contracting, LLC, were transferred to, and remain with, the latter company. In opposition to the motion, the plaintiff argued that there were questions of fact as to whether the appellant could be held liable to it based on a corporate-veil piercing theory, and that since discovery relevant to that issue was necessary, the motion should be denied under CPLR 3212 (f). The Supreme Court denied the appellant's motion, concluding that more discovery was necessary.

Generally, piercing the corporate veil requires a showing that (1) the corporate owners exercised complete domination and control of the corporation in respect of the transaction attacked, and (2) such domination and control was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *Seuter v Lieberman*, 229 AD2d 386 [1996]; *New York Assn. for Retarded Children, Montgomery County Ch. v Keator*, 199 AD2d 921, 922 [1993]). Furthermore, a parent company will not be held liable for the torts of its subsidiary unless it can be shown that the parent exercises complete domination and control over the subsidiary (*see Serrano v New York Times Co., Inc.*, 19 AD3d 577, 578 [2005]).

Here, the appellant demonstrated its prima facie entitlement

to judgment as a matter of law (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the appellant dominated and controlled the activities of the subsidiary that owns Roy Kay's successor entity and, moreover, made no showing that discovery might reveal the existence of facts within the appellant's control which would warrant the denial of the motion (*see* CPLR 3212 [f]; *Serrano v New York Times Co., Inc.,* 19 AD3d at 578). Therefore, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it.

In view of the foregoing, we do not address the parties' remaining contentions. Ritter, J.P., Florio, Miller and Carni, JJ., concur. [*See* 15 Misc 3d 1140(A), 2007 NY Slip Op 51065(U).]