■ ALEXANDER SHKOLNIK, Respondent, v IGOR KRUTOY et al., Defendants, and ROMARO CORP., Doing Business as 7TH HEAVEN, Formerly Known as VAZEM CORP., et al., Appellants. [886 NYS2d 705]—

In an action, inter alia, to recover damages for breach of contract, the defendants Romaro Corp., doing business as 7th Heaven, formerly known as Vazem Corp., Zaliv Realty Corp., formerly known as Bay Estates, LLC, Aron Grinshpun, Zelig Zeltser, and Sam Zeltser, and the defendants Valerie Zemnovitch and Natasha Zemnovitch, also known as Natalia Zemnovitch, also known as Natasha Zemnovitsch, separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated December 11, 2007, as denied those branches of their separate motions which were for summary judgment dismissing so much of the first and second causes of action as were to recover damages for breach of a contract dated January 12, 1999, and as denied that branch of the motion of the defendants Romaro Corp., doing business as 7th Heaven, formerly known as Vazem Corp., Zaliv Realty Corp., formerly known as Bay Estates, LLC, Aron Grinshpun, Zelig Zeltser, and Sam Zeltser which was for summary judgment on the issue of liability on their first counterclaim alleging the wrongful filing of a notice of pendency against certain real property.

Ordered that the appeal by the defendants Valerie Zemnovitch and Natasha Zemnovitch, also known as Natalia Zemnovitch, also known as Natasha Zemnovitsch, from so much of the order as denied that branch of the motion of the defendants Romaro Corp., doing business as 7th Heaven, formerly known as Vazem Corp., Zaliv Realty Corp., formerly known as Bay Estates, LLC, Aron Grinshpun, Zelig Zeltser, and Sam Zeltser which was for summary judgment on the issue of liability on the first counterclaim of those defendants is dismissed, as the defendants

Valerie Zemnovitch and Natasha Zemnovitch, also known as Natalia Zemnovitch, also known as Natasha Zemnovitsch, are not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the appellants appearing separately and filing separate briefs.

This action arises from agreements pertaining to a catering business and restaurant and the real property upon which they were located. After the agreements allegedly were breached, the plaintiff commenced this action. Various defendants separately moved for summary judgment, asserting, inter alia, that the action was, in part, time-barred, and that they were not parties to the subject agreements. The Supreme Court granted the motion in part and denied it in part. As is relevant here, the Supreme Court found that there were issues of fact regarding the inter-relationships among the individual and corporate defendants that precluded summary judgment. We affirm.

"While the law permits the incorporation of a business for the very purpose of escaping personal liability . . . equity will intervene to pierce the corporate veil and permit the imposition of personal liability in order to avoid fraud or injustice" (*Ventresca Realty Corp. v Houlihan*, 28 AD3d 537, 538 [2006] [internal quotation marks and citations omitted]; *see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). A party seeking to pierce the corporate veil must show that the owners of the corporation exercised complete domination over it in the transaction at issue, and that such domination was used to commit a fraud or wrong against the plaintiff under circumstances that constitute an abuse of the privilege of doing business in the corporate form (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 141-142; *Nassau County v Richard Dattner Architect, P.C.*, 57 AD3d 494, 495 [2008]; *Millennium Constr., LLC v Loupolover*, 44 AD3d 1016 [2007]).

Here, the appellants failed to make a prima facie showing of entitlement to judgment as a matter of law, inasmuch as they failed to demonstrate the absence of a triable issue of fact as to whether a certain contract dated January 12, 1999 was breached, and whether the corporate veil of certain of the named corporations should be pierced (*see Wilkerson v 134 Kitty's Corp.*, 49 AD3d 718, 719 [2008]; *cf. Nassau County v Richard Dattner Architect, P.C.*, 57 AD3d at 496; *Stewart Tenants Corp. v Square Indus.*, 269 AD2d 246, 248 [2000]). Accordingly, the Supreme Court correctly denied the appellants' motions for

summary judgment dismissing so much of the first and second causes of action as were to recover damages for breach of that contract.

The court did not improvidently exercise its discretion in denying that branch of the motion of the defendants Romaro Corp., doing business as 7th Heaven, formerly known as Vazem Corp., Zaliv Realty Corp., formerly known as Bay Estates, LLC, Aron Grinshpun, Zelig Zeltser, and Sam Zeltser which was for summary judgment on the issue of liability on their first counterclaim for an award, pursuant to CPLR 6514 (c), of costs and expenses incurred as a result of the plaintiff's filing of a notice of pendency, notwithstanding that the notice of pendency itself was subsequently cancelled as having been wrongfully filed (*see Rabinowitz v Larkfield Bldg. Corp.*, 231 AD2d 703, 704 [1996]; *Praver v Remsen Assoc.*, 181 AD2d 723 [1992]; *cf. Josefsson v Keller*, 141 AD2d 700, 701 [1988]).

The appellants' remaining contentions either are without merit or are not properly before us (*see* CPLR 5501; *Sarlo-Pinzur v Pinzur*, 59 AD3d 607, 608 [2009]; *Robinson v Way*, 57 AD3d 872, 873 [2008]).

Inasmuch as the plaintiff did not cross-appeal, his contentions regarding the timeliness of his claims arising out of a contract dated October 6, 1998 are not properly before this Court (*see McGovern v Nassau County Dept. of Social Servs.*, 60 AD3d 1016, 1018 [2009]; *Maggio v Becca Constr. Co.*, 229 AD2d 426, 428 [1996]). Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.