SUPERIOR TRANSCRIBING SERVICE, LLC, Appellant, v JOSEPH L. PAUL, Respondent, et al., Defendants. [898 NYS2d 234]—

Ordered that the appeal from the order dated November 12, 2008, is dismissed, as that order was superseded by the order dated March 23, 2009, made upon reargument; and it is further,

Ordered that the order dated March 23, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The Supreme Court correctly determined that there was no basis upon which to pierce the corporate veil of the defendant Paul Medical, P.C., in order to hold its sole shareholder, the defendant Joseph L. Paul (hereinafter Paul), personally liable. Paul established his prima facie entitlement to judgment as a matter of law dismissing the plaintiff's cause of action to recover damages for breach of contract insofar as asserted against him. "The general rule . . . is that a corporation exists independently of its owners, who are not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 126 [2009]; *see Bartle v Home Owners Coop.*, 309 NY 103, 106 [1955]). However, "equity will intervene to pierce the corporate veil and permit the imposition of personal liability in order to avoid fraud or injustice" (*Shkolnik v Krutoy*, 65 AD3d 1214, 1215 [2009]; *see Ventresca Realty Corp. v Houlihan*, 28 AD3d 537 [2006]). "[A] party seeking to pierce the corporate veil must establish that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury" (*AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23-24 [2008] [internal quotation marks omitted]; *see Nassau County v Richard Dattner Architect, P.C.*, 57 AD3d 494, 495 [2008]). "Factors to be considered by a court in determining whether to pierce the corporate veil include failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use" (*Millennium Constr., LLC v Loupolover*, 44 AD3d 1016, 1016-1017 [2007]; *see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d at 126; *John John, LLC v Exit 63 Dev., LLC*, 35 AD3d 540, 541 [2006]). In opposition to Paul's cross motion, the plaintiff failed to raise a triable issue of fact (*see Nassau County v Richard Dattner Architect, P.C.*, 57 AD3d at 496; *Millennium Constr., LLC v Loupolover*, 44 AD3d at 1017). Accordingly, the Supreme Court properly granted that branch of Paul's cross motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for breach of contract insofar as asserted against Paul.

Moreover, the Supreme Court properly granted those branches of Paul's cross motion which were to dismiss the plaintiff's

remaining causes of action insofar as asserted against him (*see Lakeville Pace Mech. v Elmar Realty Corp.*, 276 AD2d 673, 676 [2000]). Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.