■ GUISEPPI A. DECARO et al., Respondents, v EAST OF EAST, LLC, Appellant. [945 NYS2d 159]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, in part by permission, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated June 22, 2011, as denied those branches of its cross motion which were to cancel the notice of pendency filed by the plaintiffs and for an award of costs and expenses occasioned by the filing and cancellation of the notice of pendency pursuant to CPLR 6514 (c), and, as, sua sponte, directed it to post a bond in the sum of $1,000,000 for the benefit of the plaintiffs.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's cross motion which was to cancel the notice of pendency filed by the plaintiffs, and substituting therefor a provision granting that branch of the cross motion and directing the Queens County Clerk to cancel the notice of pendency filed August 23, 2010, against the subject property, and (2) by deleting the provision thereof directing the defendant to post a bond in the sum of $1,000,000; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

The plaintiffs entered into a written agreement with the defendant corporation whereby the plaintiffs agreed to convey title to certain real property to the defendant for a condominium project, in exchange for a 22.1% interest in the defendant corporation. Pursuant to the agreement, the defendant had the option to purchase the plaintiffs' interest back from them in exchange for two of the completed condominium units, or in the alternative, $1,000,000 cash. In July 2010, after the plaintiffs had delivered title to the real property to the defendant, the plaintiffs commenced this action, inter alia, demanding a judgment directing the defendant to deliver a 22.1% interest in the defendant corporation to the plaintiffs and to express in writing whether it wished to purchase the plaintiffs' 22.1% interest in exchange for two condominium units or to pay the plaintiffs the sum of $1,000,000.

On August 23, 2010, the plaintiffs filed a notice of pendency against the subject property. In a letter dated September 7, 2010, the defendant's managing member confirmed in writing that the plaintiffs had a 22.1% interest in the defendant corporation. In a letter dated September 10, 2010, the defendant's managing member stated that the defendant elected to pay the

sum of $1,000,000 to redeem the plaintiffs' interest in the defendant corporation, and that the payment of $1,000,000 would be made to the plaintiffs at the time of the defendant's choosing, consistent with the defendant's other obligations on the property.

The plaintiffs subsequently made a motion for leave to serve a supplemental complaint. In a supporting affirmation, the plaintiffs' attorney acknowledged that, since the original complaint was filed, the defendant had complied with the demands of the original complaint. However, the plaintiffs' attorney argued that the defendant had breached the written agreement by failing to pay the sum of $1,000,000 immediately upon making its election, as opposed to paying that sum at a time of the defendant's choosing. The proposed supplemental complaint sought a money judgment in the sum of $1,000,000. In an order dated June 22, 2011, the Supreme Court, inter alia, granted the plaintiffs' motion, denied those branches of the defendant's cross motion which were to cancel the notice of pendency and for an award of costs and expenses occasioned by the filing and cancellation of the notice of pendency pursuant to CPLR 6514 (c), and, sua sponte, directed the defendant to post a bond in the sum of $1,000,000 for the benefit of the plaintiffs. The defendant appeals, and we modify.

The Supreme Court should have granted that branch of the defendant's cross motion which was to cancel the notice of pendency. Since the plaintiffs acknowledged that the demands of the ad damnum clause of the original complaint had been complied with, and since the supplemental complaint only asserted a cause of action to recover money damages, the action no longer was one in which the judgment demanded would affect title to, or the possession, use, or enjoyment of, real property (*see* CPLR 6501, 6514 [a]; *Stangel v Zhi Dan Chen*, 74 AD3d 1050, 1054 [2010]; *Ali v Ahmad*, 24 AD3d 475, 476 [2005]; *Distinctive Custom Homes Bldg. Corp. v Esteves*, 12 AD3d 559 [2004]).

However, contrary to the defendant's contention, under the circumstances of this case, including the fact that the initial filing of the notice of pendency was not wrongful, we find that an award of costs and expenses pursuant to CPLR 6514 (c) is not warranted (*see Shkolnik v Krutoy*, 65 AD3d 1214, 1216 [2009]; *Rabinowitz v Larkfield Bldg. Corp.*, 231 AD2d 703, 704 [1996]; *Praver v Remsen Assoc.*, 181 AD2d 723 [1992]).

The Supreme Court erred in, sua sponte, directing the defendant to post a bond in the sum of $1,000,000 for the benefit of the plaintiffs. Contrary to the plaintiffs' contention, they are

not entitled to equitable relief, as money damages will provide them a complete and adequate remedy at law (*see Lichtyger v Franchard Corp.*, 18 NY2d 528, 537 [1966]; *Bennett v John*, 151 AD2d 711 [1989]). Angiolillo, J.P., Lott, Roman and Miller, JJ., concur.