Garry, J.
Appeal from an order of the Supreme Court (Hall Jr., J.), entered January 31, 2012 in Washington County, which, among other things, denied a motion by defendant Hudson Sharp Machine Company for summary judgment dismissing the complaint against it.
Plaintiff Beth Anne Goodspeed (hereinafter plaintiff) was injured in May 2004 in the course of her employment with Tyco International while operating a “pouch maker” machine allegedly manufactured by defendant Proven Designs, Inc. (hereinafter PDI). Plaintiff and her husband, derivatively, commenced this action for negligence, strict products liability, breach of warranty and loss of consortium against, among others, PDI *1205 and defendant Hudson Sharp Machine Company, individually and as successor in interest to PDI. Plaintiffs allege that the machine in question was modified by the removal of safety guards in 2001—when PDI was a subsidiary of Hudson Sharp— and that this modification led to plaintiff’s injuries. Hudson Sharp moved for summary judgment dismissing the complaint against it, asserting that PDI functioned as a “stand alone” company during Hudson Sharp’s period of ownership and, as such, Hudson Sharp could not be held liable. Supreme Court denied the motion, and Hudson Sharp appeals.
Liability of a parent company for the torts of a subsidiary does not arise from the mere ownership of a controlling shareholder interest. “Rather ‘there must be direct intervention by the parent in the management of the subsidiary to such an extent that the subsidiary’s paraphernalia of incorporation, directors and officers are completely ignored’ ” (SUS, Inc. v St. Paul Travelers Group, 75 AD3d 740, 743 [2010], quoting Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163 [1980]). The parent company must “exercise[ ] complete dominion and control over the subsidiary” (Merrell-Benco Agency, LLC v HSBC Bank USA, 20 AD3d 605, 609 [2005], lv dismissed and denied 6 NY3d 742 [2005] [internal quotation marks and citation omitted]; accord Serrano v New York Times Co., Inc., 19 AD3d 577, 578 [2005]).
Assuming without deciding that Hudson Sharp met its initial burden as the proponent of the summary judgment motion, we nevertheless agree with Supreme Court that issues of fact are presented as to Hudson Sharp’s level of control over PDI (see generally U.W. Marx, Inc. v Koko Contr., Inc., 97 AD3d 893, 894 [2012]). Plaintiffs’ submissions included portions of the examination before trial of the president of PDI during the period of Hudson Sharp’s ownership, who testified that he had almost daily interactions with the president of Hudson Sharp to discuss sales and other issues. PDI’s president also testified that PDFs accounting, marketing and staffing were overseen by Hudson Sharp and that the president of Hudson Sharp made the decisions as to resource allocation between the companies and “controlled everything. ” This claim was supported by inter-company correspondence, cash-flow guidelines and performance reviews, among other documents. Corporate documents also demonstrated that officers and directors of Hudson Sharp were officers and directors of PDI, and that the board of directors of PDI held no meetings during Hudson Sharp’s ownership of PDI. Notably, “the question of domination is generally one of fact and is thus particularly unsuited for resolution on summary judg *1206 ment” (Klein v CAVI Acquisition, Inc., 57 AD3d 376, 377 [2008] [internal quotation marks and citations omitted]; see Emposimato v CIFC Acquisition Corp., 89 AD3d 418, 420 [2011]). Here, the motion for summary judgment was properly denied.
Mercure, J.R, Rose and McCarthy, JJ., concur.
Ordered that the order is affirmed, with costs.