■ OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, Respondent, v JUNCTION ABSTRACT, INC., Appellant, et al., Defendant. [55 NYS3d 256]—

In an action for contractual and common-law indemnification, the defendant Junction Abstract, Inc., appeals from so much of an order of the Supreme Court, Nassau County (K. Murphy, J.), entered March 2, 2015, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint alleged that on or about February 2, 2007, Robert Cornacchia obtained a mortgage interest in real property in the aggregate principal sum of about $400,000, and secured title insurance from the plaintiff, Old Republic National Title Insurance Company (hereinafter Old Republic). Present at the closing was the defendant Junction Abstract, Inc. (hereinafter Junction), as the agent of Old Republic. The amended complaint alleged that, after the closing, Junction assumed the task of recording the mortgage documents but that, ultimately, the documents were not recorded until March 2009. In the interim, another mortgage was taken on the same property, which mortgage was recorded in March 2008. The amended complaint alleged that, as a result of the foregoing, when the subject property went into foreclosure, Old Republic paid Cornacchia more than $267,000 in settlement of his claim under the policy of title insurance. Old Republic commenced this action against, among others, Junction for contractual and common-law indemnification. Junction moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint insofar as asserted against it.

To prevail on that branch of its motion which was pursuant to CPLR 3211 (a) (1) to dismiss the amended complaint insofar as asserted against it, Junction was required to demonstrate that "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Here, Junction's documentary evidence did not utterly refute the factual allegations of the amended complaint. Accordingly, the Supreme Court properly denied that branch of Junction's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the amended complaint insofar as asserted against it based on documentary evidence.

Insofar as Junction's motion was predicated upon CPLR 3211 (a) (7), the court is required to "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, since Old Republic sufficiently stated causes of action for common-law and contractual indemnification, the Supreme Court properly denied the branch of Junction's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it (*see Surace v Commonwealth Land Tit. Ins. Co.*, 62 AD3d 861 [2009]; *Gem Servs. of N.Y., Inc. v United Gen. Tit. Ins. Co.*, 28 AD3d 516 [2006]; *Cruz v Commonwealth Land Tit. Ins. Co.*, 157 AD2d 333 [1990]).

Junction's remaining contention, that the causes of action for indemnification were time-barred, is without merit (*see McDermott v City of New York*, 50 NY2d 211 [1980]). Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.