(September 20, 2017)

█ 413 Throop, LLC, Appellant-Respondent, v Triumph, the Church of the New Age, Respondent-Appellant. [61 NYS3d 307]—

In an action, inter alia, for specific performance of a contract to purchase real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), dated May 16, 2016, as granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (1) to dismiss the complaint and to cancel the notice of pendency, and the defendant cross-appeals from so much of the same order as denied those branches of its motion which were to direct the plaintiff to pay costs and expenses pursuant to CPLR 6514 (c) and to impose sanctions on the plaintiff pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff signed a contract to purchase a parcel of real property from the defendant. The plaintiff alleged that the defendant breached the contract and sought specific performance or, in the alternative, damages. The plaintiff also filed a notice of pendency with respect to the property. The defendant moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (1), on the ground that the contract contained a provision limiting the purchaser's remedy, in the event of the seller's default, to return of the down payment. The defendant also sought to cancel the notice of pendency, to direct the plaintiff to pay costs and expenses under CPLR 6514 (c), and to impose sanctions pursuant to 22 NYCRR 130-1.1. The Supreme Court granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (1) to dismiss the complaint and to cancel the notice of pendency, but it denied those branches of the defendant's motion which were to direct the payment of costs and expenses and to impose sanctions.

To prevail on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), a defendant must demonstrate that the proffered documentary evidence " 'utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Old Republic Natl. Tit. Ins. Co. v Junction Abstract, Inc.*, 150 AD3d 757, 758 [2017], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). An unambiguous contract provision may qualify as documentary evidence under CPLR 3211 (a) (1) (*see Wilson v Poughkeepsie City Sch. Dist.*, 147 AD3d 1112, 1113 [2017]; *Madison Equities, LLC v Serbian Orthodox Cathedral of St. Sava*, 144 AD3d 431, 431 [2016]). Here, the Supreme Court properly determined that the defendant had conclusively established as a matter of law that the disputed provision in the contract clearly and unambiguously limited the purchaser's remedy in the event of the defendant's breach of the contract to the return of the down payment, and thus precluded specific performance or an award of damages. Accordingly, the court properly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1), and thereupon, properly directed cancellation of the notice of pendency (*see Saul v Vidokle*, 151 AD3d 780 [2017]; *Gallagher Removal Serv. v Duchnowski*, 179 AD2d 622, 623 [1992]).

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in declining to direct that the plaintiff pay costs and expenses pursuant to CPLR

6514 (c) or to impose sanctions on the plaintiff pursuant to 22 NYCRR 130-1.1 (*see Bank of Am., N.A. v Angel*, 144 AD3d 612, 612 [2016]; *DeCaro v East of E., LLC*, 95 AD3d 1163, 1164 [2012]; *Shkolnik v Krutoy*, 65 AD3d 1214, 1216 [2009]; *Kaufman v Torkan*, 51 AD3d 977, 980 [2008]). Chambers, J.P., Cohen, Barros and Brathwaite Nelson, JJ., concur.