Preston v Nichols (2023 NY Slip Op 02408)

Preston v Nichols

2023 NY Slip Op 02408

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, MONTOUR, AND OGDEN, JJ.

63 CA 22-00783

[*1]CHRISTINE PRESTON, PLAINTIFF-RESPONDENT,
v
DALE R. NICHOLS, DEFENDANT-APPELLANT. 

BOYLAN CODE LLP, ROCHESTER (MICHAEL J. WEGMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHENEY LAW FIRM, PLLC, GENEVA (DAVID D. BENZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered April 15, 2022. The order denied the motion of defendant to dismiss plaintiff's first through third causes of action and to cancel a notice of pendency. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part, dismissing the first and second causes of action and cancelling the notice of pendency and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, to enforce an alleged oral agreement to sell real property and seeking money damages for fraudulent inducement and unjust enrichment. Defendant appeals from an order that denied his pre-answer motion to dismiss plaintiff's first, second, and third causes of action and to cancel the notice of pendency. We agree with defendant that Supreme Court erred in denying that part of his motion with respect to the first cause of action, which seeks to enforce the alleged oral agreement, inasmuch as that cause of action is barred by the statute of frauds (see General Obligations Law § 5-703 [1], [2]). We therefore modify the order accordingly. Initially, "[a]n e-mail sent by a party, under which the sending party's name is typed, can constitute a [signed] writing for [the] purposes of the statute of frauds" (Agosta v Fast Sys. Corp., 136 AD3d 694, 695 [2d Dept 2016] [internal quotation marks omitted]; see Ehlenfield v Kingsbury, 206 AD3d 1671, 1673 [4th Dept 2022]). Here, however, not one of the text messages or emails submitted by plaintiff contains a signature block or other electronic signature of defendant. Those communications are therefore "clearly inadequate, since [they were] not subscribed, even electronically, by the defendant[] who [is] the part[y] to be charged, or by anyone purporting to act in [his] behalf" (Leist v Tugendhaft, 64 AD3d 687, 688 [2d Dept 2009]). We further agree with defendant that the doctrine of part performance does not apply to defeat the affirmative defense of the statute of frauds (see § 5-703 [4]; CPLR 3211 [a] [5]). Under the circumstances of this case, plaintiff's actions in paying property taxes and related expenses, including making renovations to a sunroom on the property, "were not 'unequivocally referable' to an agreement to purchase the property to warrant invoking the doctrine of part performance" (Congdon v Everett, 63 AD3d 1541, 1542 [4th Dept 2009]; see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235 [1999]).
Inasmuch as plaintiff's remaining causes of action seek monetary damages only, "the action no longer [is] one in which the judgment demanded would affect title to, or the possession, use, or enjoyment of, real property" (DeCaro v East of E., LLC, 95 AD3d 1163, 1164 [2d Dept 2012]; see CPLR 6501, 6514 [a]; Renfro v Herrald, 206 AD3d 1573, 1573-1574 [4th Dept 2022]). The notice of pendency should therefore be cancelled (see DeCaro, 95 AD3d at 1164), and we therefore further modify the order accordingly. Defendant requests that this Court award him the costs and expenses associated with such cancellation. Although section 6514 (c) of the CPLR provides that a "court, in an order cancelling a notice of pendency under this [*2]section, may direct the plaintiff to pay any costs and expenses occasioned by the filing and cancellation," we conclude that the circumstances of this case do not warrant the imposition of a discretionary award (see DeCaro, 95 AD3d at 1164).
Plaintiff did not oppose that part of the motion seeking to dismiss her second cause of action, for fraudulent inducement, and she has therefore abandoned that cause of action (see Allington v Templeton Found., 167 AD3d 1437, 1439 [4th Dept 2018]; Donna Prince L. v Waters, 48 AD3d 1137, 1138 [4th Dept 2008]). The court therefore erred in denying that part of the motion seeking to dismiss that cause of action. We thus further modify the order accordingly. We have reviewed defendant's remaining contention and conclude that it does not warrant reversal or further modification of the order.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court