## National Auditing Servs. & Consulting, LLC v Assa

2024 NY Slip Op 31487(U)

April 25, 2024

Supreme Court, New York County

Docket Number: Index No. 156862/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**          PART          14

*Justice*

-----------------------------------------------------------------------------X

NATIONAL AUDITING SERVICES & CONSULTING, LLC,

          Plaintiff,

- v -

SALIM ASSA, 511 PROPERTY LLC,511 PROPERTY II, LLC,9TH AVE. HOTEL PROPERTY HOLDING LLC,9TH AVE. RETAIL PROPERTY HOLDING LLC,RETAIL & COMMERCIAL PROPERTY HOLDINGS LLC,NINTH AVENUE TOWER, LLC,511 PARTNERS, LLC,515 VENTURES, LLC,515 NINTH HOLDING, LLC

          Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156862/2022 |
| MOTION DATE | 04/23/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 121, 122, 123[1] were read on this motion to/for          COSTS AND EXPENSES          .

Defendants' motion for costs and expenses is denied.

**Background**

This action arises out of plaintiff's efforts to enforce a judgment from an underlying action filed in New York. Plaintiff observes that it obtained a judgment in a separate action for nearly $1 million in 2021 against defendant 511 Property LLC ("511 Property") arising out of a contract between the parties.

Plaintiff alleges that in March 2016, 511 Property divided a property into 6 condominium lots, and during the course of litigation in the underlying action, plaintiff alleges that defendant Salim Assa, the managing member of 511 Property, engaged in fraudulent transfers of the lots to

---

[1] The Court did not consider the reply papers, which were not timely filed (the reply was filed after the motion was returnable).

various entities named as co-defendants in this action. Each co-defendant entity was purportedly controlled by defendant Assa and plaintiff alleges that Assa repeatedly transferred ownership of the lots to similarly-named entities to obscure the fraudulent nature of the conveyances. Each transfer resulted in a purge of 511 Property's assets that effectively rendered the defendants "judgment proof" (NYSCEF Doc. No. 14 at 9). Plaintiff alleges that these transfers occurred for little or no consideration and were meant to render 511 Property insolvent so it would not have to pay the judgment.

Previously, this Court denied defendants' motions to dismiss. However, the Appellate Division, First Department reversed and granted defendants' dismissal motion on the ground that the claims were not timely (*Natl. Auditing Services & Consulting, LLC v Assa*, 217 AD3d 503, 504, 191 NYS3d 373 [1st Dept 2023]). The First Department also remanded the issue of whether to award costs and expenses under CPLR 6514(c) to this Court (*id*.).

Defendants contend that they are entitled to such costs on the ground that plaintiff improperly filed the notice of pendency in this case. They insist that courts routinely invoke CPLR 6514(c) to award expenses to defendants who successfully seek the cancellation of a notice of pendency. Defendants argue that there is a presumption that they be entitled to recover such costs and expenses.

In opposition, plaintiff emphasizes that the statute does not create a presumption. Instead, it's a discretionary statute that permits the Court to award costs and expenses where a notice of pendency is cancelled. Plaintiff emphasizes that it did not improperly file the notice of pendency; rather it observes that defendants have refused to satisfy the underlying judgment and plaintiff has had to chase defendants. It argues that it lost this case due to a "hyper technicality" and so it should not be forced to pay costs and expenses where it has not recovered a single dollar on its

judgment against 511 Property. Plaintiff points out that the First Department did not find that defendants were entitled to recover costs and expenses, only that the Court should consider whether defendants could recover costs and expenses under the applicable statutes.

**Discussion**

The First Department directed that this Court evaluate whether or not legal fees should be awarded under CPLR 6514(c) and emphasized that fees could be awarded "even in the absence of bad faith." The relevant statute provides that "The court, in an order cancelling a notice of pendency under this section, may direct the plaintiff to pay any costs and expenses occasioned by the filing and cancellation [of a notice of pendency], in addition to any costs of the action" (CPLR 6514[c]).

"CPLR 6514(c) authorizes the court to award costs and expenses to the defendant whenever a notice of pendency is cancelled 'under this section'" (Vincent C. Alexander, Practice Commentaries, C6514:3). Cases exploring whether or not award costs under this statute frequently mention the circumstances of the case (*see DeCaro v East of East LLC*, 95 AD3d 1163, 1164, 945 NYS2d 159 [2d Dept 2012]; *see also Rabinowitz v Larkfield Building Corp.,* 231 AD2d 703, 647 NYS2d 820 [2d Dept 1996]).

The question for this Court is whether the circumstances here merit the award of costs and expenses. The Court, in its discretion, denies such an award. As plaintiff points out, this is not a situation in which it "wrongfully filed" a notice of pendency. Rather, the case was dismissed pursuant to the statute of limitations. Plaintiff did not commence a frivolous or wholly meritless action. While that is not dispositive (bad faith is not required to award costs and expenses under CPLR 6514[c]), the Court finds that plaintiff cited persuasive reasons not to award defendants costs and expenses. The Court observes that a federal court, when cancelling a

**156862/2022   NATIONAL AUDITING SERVICES & CONSULTING, LLC vs. ASSA, SALIM ET AL        Page 3 of 4**
   **Motion No.  004**

3 of 4

[* 3]

notice of pendency based on statute of limitations grounds, declined to award costs and expenses under CPLR 6514(c) (*Singh v Lintech Electric, Inc.*, 18-CV-05780-FB-LB, 2021 WL 1062533, at *3 [ED NY 2021]).

The fact is that plaintiff obtained a judgment against 511 Property and that judgment has not yet been satisfied. The complaint alleges that defendant Assa attempted to move assets to render 511 as "judgment proof." There is no dispute that 511 Property's interests in a property were transferred, although defendants insist that there was nothing fraudulent about these transactions. Plaintiff therefore had good reason to name these defendants and to file a notice of pendency. In other words, as plaintiff argues, it would only add "insult to injury" if defendants successfully avoided paying plaintiff's judgment and were also awarded costs and expenses.

Contrary to defendants' claims, the award of costs and expenses under CPLR 6514(c) is not mandatory nor is there a presumption that they receive such an award. It is in this Court's discretion and this Court declines to issue such an award. The Court observes that the First Department found that "dismissal of the action is warranted" (*Assa*, 217 AD3d at 504), and so the Court marks the case as disposed.

Accordingly, it is hereby

ORDERED that defendants' motion for costs and expenses pursuant to CPLR 6514(c) is denied.

| 4/25/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | X CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| **APPLICATION:** | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**156862/2022  NATIONAL AUDITING SERVICES & CONSULTING, LLC vs. ASSA, SALIM ET AL**  **Page 4 of 4**
Motion No. 004

4 of 4

[* 4]