OPINION OF THE COURT
Memorandum.
The judgment appealed from and the April 7, 1987 order of the Appellate Division brought up for review should be affirmed, with costs.
Plaintiffs, who operate an investment management business in Switzerland, were retained by Abdullah Darwish Ahmed (Darwish) and Riaz Saleem Aslam (Aslam), two officials of the Department of Personal Affairs (DPA) of the United Arab Emirates, to manage certain overseas investments made with funds belonging to His Highness Shaikh Zayed bin Sultan al Nahayan, the Absolute Ruler of Abu Dhabi. The DP A was *949 created by the Shaikh to oversee the management of many of his considerable personal assets. After an initial period during which plaintiffs dealt directly with Darwish and Aslam, the Shaikh’s funds were channeled through defendant Financiera Avenida, S. A. (Avenida), a Panamanian corporation, whose use was suggested by solicitors in London. During the period in question, Avenida had no functioning officers or directors, no corporate records and observed none of the usual corporate formalities. It was operated strictly as an investment conduit by Aslam, whose authority derived from a bearer share certificate and power of attorney for the corporation.
A dispute between the parties eventually arose, with the Shaikh and the DPA claiming that Aslam, Darwish and plaintiffs were engaged in self-dealing and embezzlement. In response, plaintiffs commenced the present action for defamation, and defendant counterclaimed alleging a variety of causes of action based on the premise that plaintiffs had used the Shaikh’s funds in an unauthorized manner.
As part of the discovery process, plaintiffs sought to depose the Shaikh on the questions of his relationship to Darwish and Aslam and whether, in fact, he had either authorized or ratified any of their investment decisions. In support of their request for an examination before trial, plaintiffs cited deposition testimony by Aslam in which he stated that Darwish, who is now in an Abu Dhabi prison, had told him that the Shaikh had personally authorized the disputed investments.
What followed was a series of motions in which Avenida attempted to obtain a protective order on a number of grounds, including the contention that the Shaikh was insulated from any discovery obligations by the international common-law doctrine of "head of state immunity” (see generally, Note, Resolving the Confusion Over Head of State Immunity: The Defined Rights of Kings, 86 Colum L Rev 169; Note, Amenability of Foreign Sovereigns to Federal In Personam Jurisdiction, 14 Va J Intl L 487). The only comment made by the United States Government on the immunity claim was a "suggestion of interest” filed by the United States Attorney General pursuant to 28 USC § 517, suggesting that "any intrusion on the dignity of Shaikh Zayed’s office” be minimized and that "the United States assumes that U.S. courts will not require personal discovery from a foreign head of state in the absence of a demonstrated need.”
The trial court rejected Avenida’s efforts to avoid a deposition of the Shaikh and directed Avenida to comply with *950 plaintiffs’ discovery request.[1] When compliance was not forthcoming, the court invoked the sanction provisions of CPLR 3126 and dismissed Avenida’s counterclaims.
On its appeal from the final judgment dismissing plaintiffs’ complaint, which appeal brings up for review the nonfinal Appellate Division order affirming the dismissal of the counterclaims (see, CPLR 5501 [b]; 5602 [a] [1] [ii]),[2] Avenida argues that the "head of state immunity” doctrine was applicable. Avenida also argues that, in any event, the Shaikh is not a proper party for a deposition under CPLR 3101 (a) (1), which directs disclosure by "a party, or the officer, director, member, agent or employee of a party”. Finally, Avenida contends, in the alternative, that the ultimate sanction of dismissal of its counterclaims was unnecessary and therefore constituted an abuse of discretion. We reject these contentions and, consequently, affirm.
We conclude that Avenida had no independent existence. Therefore, the Shaikh was a proper party for a deposition under CPLR 3101 (a) (1). Avenida had no assets apart from the Shaikh’s personal funds and had no purpose other than to serve as a conduit for the Shaikh’s personal investments abroad. Further, the traditional characteristics of corporations, such as the maintenance of corporate books and management by designated officers and directors, which ordinarily lend corporations a life separate from their investors, were not present here. Finally, the conclusion that Avenida had no separate identity is supported by the fact that, by virtue of his position as Absolute Ruler of Abu Dhabi, the Shaikh has control over his subjects, who run Avenida for his benefit.
Having concluded that Avenida was the Shaikh’s alter ego, we further conclude that Avenida’s affirmative, voluntary action in interposing counterclaims resulted in a waiver of any testimonial immunity that the Shaikh might otherwise have had (see, National Bank v Republic of China, 348 US 356, 361-362; Aboujdid v Singapore Airlines, 67 NY2d 450). The Shaikh cannot seek to recover some $96 million in personal funds by counterclaims brought in an American court through his corporate alter ego while at the same time *951 invoking head of state immunity as a means of insulating himself from discovery on the matters directly related to the substance of those counterclaims.
Finally, the trial court did not abuse its discretion in dismissing Avenida’s counterclaims after its repeated refusals to comply with the orders directing the Shaikh to submit to an examination before trial. Given the nature of the counterclaims, i.e., that plaintiffs and the DPA officials Darwish and Aslam had invested the Shaikh’s funds in an unauthorized manner, it is difficult to understand how plaintiffs could adequately defend without the opportunity to depose the Shaikh, at least on the question of his discussions with Darwish and Aslam regarding their management of his assets. Accordingly, the sanction of dismissal was not unjustified (see, Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 571-572).
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Alexander taking no part.
Judgment appealed from and April 7, 1987 order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.

. Avenida appealed from the Supreme Court’s denial of its motion for a protective order, but the Appellate Division affirmed and denied Avenida’s subsequent motion for leave to appeal to this court.

. Avenida previously sought to obtain review of this prior nonfinal order by moving for leave to appeal to this court. However, the motion was dismissed on finality grounds (70 NY2d 693).