■ JOSEPH DONNELLY, Respondent, v JOHN MORACE et al., Appellants, and PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent.—Order of the Supreme Court, New York County (Walter Schackman, J.), entered on September 22, 1989, which, *inter alia,* denied the motion of defendants Silgo Corp. and John Morace to dismiss plaintiff's first and second causes of action for failure to state a cause of action and to dismiss the cross claim of defendant Port Authority of New York and New Jersey, is unanimously affirmed, with costs and disbursements.

Plaintiff, a former employee of defendant Silgo Corp., alleges in his complaint that, following company policy, he cashed several checks and delivered the money to a Silgo customer. When the customer reported having never received the money, defendant John Morace, Silgo's president, commenced a private investigation and, ultimately, caused a criminal action to be commenced against plaintiff, as a result of which plaintiff was arrested and imprisoned without just cause. Plaintiff asserts that Silgo and Morace took this action maliciously, without probable cause, for reasons other than bringing plaintiff to justice and in reckless disregard of plaintiff's rights and available exculpatory evidence. Plaintiff was subsequently charged with grand larceny and other crimes, but the prosecution was terminated in his favor in February 1986.

Defendant Port Authority of New York and New Jersey, whose employees carried out the actual arrest of plaintiff, cross-claimed against Silgo and Morace for contribution. Silgo and Morace moved to dismiss both plaintiff's claims and Port Authority's cross claim for failure to state a cause of action and for summary judgment. The motion for summary judgment was denied without prejudice to renew upon submission of proper papers. Silgo and Morace appeal only from the denial of their motions to dismiss for failure to state a cause of action. In that regard, a complaint should not be dismissed on pleadings so long as, giving plaintiff the benefit of every

possible favorable inference contained in his allegations, a cause of action exists *(Sanbar Projects v Gruzen Partnership,* 148 AD2d 316). Moreover, the material assertions in the complaint must be deemed to be true for pleading purposes *(Ippolito v Lennon,* 150 AD2d 300, 302). Applying this standard, it is evident that plaintiff's allegations include all of the elements necessary to state a valid cause of action for malicious prosecution *(see, Curiano v Suozzi,* 63 NY2d 113; *Dempsey v Masto,* 83 AD2d 725, *affd on opn below* 56 NY2d 665). Moreover, a specific assertion of malice is only required wherein the complaint creates a presumption that there was probable cause for the prosecution, as exists when the plaintiff was indicted or arrested by warrant *(see, Phillips v City of Syracuse,* 84 AD2d 957). Since no such presumption was created here, plaintiff's claim that defendants acted maliciously and for reasons other than to bring plaintiff to justice was sufficient to allege malice.

Plaintiff also states a cause of action for unlawful arrest and false imprisonment; that is, an arrest or imprisonment without legal process or color of legal authority *(see, Broughton v State of New York,* 37 NY2d 451). In the absence of any indication that the arrest was by warrant or after indictment, a cause of action is asserted against a private party for an unlawful imprisonment carried out by the authorities wherein it is alleged that such party instigated the arrest. In addition, plaintiff clearly alleges that he was arrested without probable cause and that the arrest was effectuated in the absence of a warrant *(see, Barr v County of Albany,* 50 NY2d 247). We have considered defendants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.