■ RAMON DuLuc et al., Plaintiffs, v ALAN RESNICK et al., Defendants. DESIRABLE TEMPERATURE CORP., Third-Party Plaintiff-Appellant, v RENATE GILL, Third-Party Defendant-Respondent. [637 NYS2d 146] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered July 5, 1994, which, *inter alia*, granted third-party defendant Renate Gill's cross-motion for summary judgment in her favor and dismissed the third-party action, unanimously reversed, on the law, the cross-motion denied, and the third-party action reinstated, without costs.

Summary judgment is a drastic remedy which should not be

granted if there is a material and triable issue of fact presented (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). If there is any doubt as to the existence of such an issue, or if the issue is "arguable", a motion for summary judgment should be denied (*supra*).

We disagree with the IAS Court's assessment that no view of the record here would permit liability to be imposed upon third-party defendant Renate Gill for the injuries suffered by her brother, plaintiff Ramon DuLuc. Plaintiff alleges that as his wife, his sister and he were exiting a store, an extension ladder being used in an air conditioning repair on a windy day fell from the side of the building and struck him on the head. While there is support in the record for plaintiff's version of events, the affidavits and transcripts of the examinations before trial had thus far also demonstrate support for defendant and third-party plaintiff Desirable Temperature Corp.'s alternative theory of the accident. Desirable asserts that the injuries were caused when Gill knocked the protective traffic cone and ladder down with a car that she parked in a space adjacent to where the ladder had been set up. Among other things, Desirable's employee testified that it was a still and sunny day and that the front driver's door of the car was open at about the time of the accident. The car, which was parked straddling two spaces according to this witness, was found atop the protective work cone. Resolution of such factual disputes is beyond the role of the court on a summary judgment motion and is best left to the finder of fact at a plenary trial. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.