■ TIM MAKAS, Appellant, v LYNN RUSSO, Respondent. [655 NYS2d 455] —Per Curiam. Appeal from an order of the County Court of Ulster County (Bruhn, J.), entered April 29, 1996, which affirmed a judgment of the Town Court of the Town of Hurley in favor of defendant.

In June 1994, the parties entered into a lease governing certain premises located in the Town of Hurley, Ulster County. It appears that defendant thereafter failed to pay rent in accordance with the terms of the lease and, in June 1995, plaintiff obtained a warrant for defendant's eviction. Defendant, believing that subsequent events had revived the landlord/tenant relationship, moved to, *inter alia*, annul the warrant of eviction. At the conclusion of the hearing that followed, Town Court terminated the eviction proceeding and permitted defendant to remain in the premises. By order entered April 29, 1996, County Court affirmed Town Court's judgment, and this appeal by plaintiff followed.

Inasmuch as plaintiff's brief reflects that defendant ultimately was evicted for failing to pay the July 1995 rent and, hence, has long since vacated the premises, plaintiff's appeal, which concerns the propriety of the vacatur of the June 1995

warrant of eviction, is moot. As no exception to the mootness doctrine is present (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715), the appeal must be dismissed. Plaintiff's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.