■ FRANK LAMANNA, Appellant, v WING YUEN REALTY, INC., Respondent. [681 NYS2d 256] —Order, Supreme Court, New York County (Carol Huff, J.), entered April 10, 1998, which, to the extent appealed from, denied plaintiff's motion to strike defendant's answer or for summary judgment on the issue of defendant's liability and dismissing defendant's counterclaims, unanimously modified, on the law, to grant plaintiff's motion for summary judgment to the extent of dismissing defendant's counterclaims, and otherwise affirmed, without costs.

The motion court did not improvidently exercise its discretion (see, Lasidi, S. A. v Financiera Avenida, 73 NY2d 947, 950) in determining that defendant's conduct was not so blatantly contumacious as to warrant the ultimate sanction of striking defendant's answer (see, Spancrete Northeast v Travelers Indem. Co., 99 AD2d 623, 624). Nor did the court err in denying the motion for summary judgment insofar as the motion sought dismissal of defendant's answer (see, DuLuc v Resnick, 224 AD2d 210). Defendant's first counterclaim for abuse of process, however, was insufficiently pleaded and does not lie under the circumstances at bar (see, Lesyk v Putnam County News & Recorder, 164 AD2d 881, 882-883). Its second counterclaim, purportedly for punitive damages, does not state an independent ground for relief; nor does defendant's pleading allege an underlying tort sufficiently wanton to support a claim for punitive damages (see, Rocanova v Equitable Life Assur. Socy., 83 NY2d 603, 614). Concur—Milonas, J. P., Nardelli, Williams and Andrias, JJ.