■ Stewart Tenants Corp., Appellant, v Square Industries, Inc., et al., Respondents. [703 NYS2d 453] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered December 18, 1998, which, to the extent appealed from, dismissed the second cause of action for unjust enrichment against all defendants and dismissed all causes of action against defendants Square Plus Operations Corp., 70 East 10th Square Corp., and Stewart Garage, Inc., unanimously reversed, on the law, with costs, and the dismissed causes of action reinstated.

This is an action for liability on a judgment and for unjust enrichment. Plaintiff Stewart Tenants Corp. is a cooperative corporation which owns a building at 70 East 10th Street in Manhattan. Plaintiff leased the parking garage in that building to defendant Stewart Garage in 1972. In 1989, after a prior extension of the lease, Stewart Garage subleased the garage to

defendant 70 East 10th Square Corp. (Square Corp.), a wholly-owned subsidiary of defendant Square Industries. Although the lease and sublease terminated on November 1, 1995, the premises were not vacated.

Plaintiff brought a holdover proceeding in Civil Court against Stewart Garage and Square Corp. Believing that defendant Square Plus Operations Corp. (Square Plus) actually managed the operations of Square Corp. and funneled the money to Square Industries, plaintiff named these two parties as respondents in the holdover proceeding as well.

At trial, plaintiff attempted to explore defendants' interconnecting corporate structure, but defense counsel successfully objected that such piercing of the corporate veil required a summons and complaint in Supreme Court. Accordingly, the Civil Court determined that it had no jurisdiction over Square Plus and Square Industries because they were never in possession of the garage. The court restricted itself to entering a judgment of possession and use and occupancy against the tenant Stewart Garage and the subtenant Square Corp. The tenant and the subtenant were evicted, but the judgment was never paid.

On May 15, 1998, plaintiff brought this action. The first cause of action sought to recover the unpaid judgment from Square Industries, on the ground that the tenant and subtenant were merely dummy corporations that were controlled by Square Industries. The second cause of action alleged that Square Industries was unjustly enriched due to its holdover possession of the garage (through its dummy corporations). Neither cause of action specifically stated a claim against Square Plus, Square Corp. or Stewart Garage.

The motion court granted defendants' motion to dismiss the complaint against Square Plus, Square Corp. and Stewart Garage on the ground that the pleadings did not explicitly allege any claims against them. The court also held that plaintiff was collaterally estopped from bringing an unjust enrichment claim against Square Industries and Square Plus because the Civil Court had already ruled that these defendants were never in possession of the garage.

We find that plaintiff's veil-piercing claim is not barred by collateral estoppel. Because of defense counsel's own objection, the Civil Court foreclosed plaintiff from litigating this issue in the holdover proceeding. The Civil Court thus confined itself to deciding whether Stewart Garage and its subtenant should be evicted, and whether they owed money to the landlord. The court ruled that plaintiff needed to bring a separate action to

determine whether the tenant and subtenant diverted this money to Square Industries through Square Plus.

Plaintiff's current cause of action for unjust enrichment does not allege that Square Plus and Square Industries were wrongfully in possession of the garage—the only issue before the Civil Court. Rather, plaintiff claims that defendants have taken advantage of their interlocking corporate structure to frustrate plaintiff's attempt to recover from Stewart Garage and Square Corp. As defendants are well aware, therefore, plaintiff never had a full and fair opportunity to litigate its unjust enrichment claim in Civil Court, nor was that issue decided in the prior proceedings (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455).

The IAS Court also erred in finding that Square Plus, Square Corp. and Stewart Garage were not proper parties, as plaintiff's essential argument is that these defendants are instrumentalities of the dominant corporation, Square Industries. A proper party is one against whom plaintiff asserts any right to relief jointly, severally or in the alternative, arising out of the same set of transactions or occurrences (CPLR 1002 [b]).

Accepting the complaint as true, for purposes of the motion to dismiss (*Donnelly v Morace*, 162 AD2d 247), these defendants and Square Industries comprise one entity against which relief is sought (*see, Lasidi, S.A. v Financiera Avenida,* 73 NY2d 947, 950). While plaintiff could have drafted the pleadings more artfully, the claim against these three defendants is implied by plaintiff's theory of the case. An action to pierce the corporate veil requires that the purported dummy corporations be parties, even if the parent corporation is alleged to be the one which unjustly retains the funds. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.