[980 NE2d 483, 956 NYS2d 435]

SIEGMUND STRAUSS, INC., Respondent, v EAST 149TH REALTY CORP., Defendant, WINDSOR BRANDS, LTD., et al., Appellants.

Argued September 6, 2012; decided October 23, 2012

**POINTS OF COUNSEL**

*Mischel & Horn, P.C.,* New York City (*Scott T. Horn* and *Naomi M. Taub* of counsel), for appellants. I. The Appellate Division erred in failing to review the interlocutory orders which necessarily affected the final judgment. (*Silverman v Bryan,* 216 AD2d 554; *American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co.,* 68 AD3d 792; *Bogal v Finger,* 59 AD3d 653; *Marini v Lombardo,* 39 AD3d 824; *Oakwood Realty Corp. v HRH Constr. Corp.,* 19 AD3d 668; *Sunrise Plaza Assoc. v International Summit Equities Corp.,* 288 AD2d 299; *Ahmadi v Romano,* 226 AD2d 409; *Hunan 7 [N.Y.C.] v Ding,* 216 AD2d 356; *Matter of Goldstein v New York State Urban Dev. Corp.,* 13 NY3d 511; *Alvira v Residential Mgt.,* 89 AD3d 437.) II. The Appellate Division erred in failing to review the February 25, 2008 order on direct appeal therefrom. (*Matter of Aho,* 39 NY2d 241; *Burnell v Marine Midland Bank,* 288 AD2d 784.) III. The Appellate Division erred in failing to review the prior orders in the interest of justice. (*Matter of Aho,* 39 NY2d 241; *Aridas v Caserta,* 41 NY2d 1059; *Lomonaco v United Health Servs. Hosps., Inc.,* 16 AD3d 958.) IV. The Appellate Division erred in affirming the final judgment. (*511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144; *Foley v D'Agostino,* 21 AD2d 60; *Dulberg v Mock,* 1 NY2d 54; *Sheila C. v Povich,* 11 AD3d 120; *Leon v Martinez,* 84 NY2d 83; *Guggenheimer v Ginzburg,* 43 NY2d 268; *Fahey v County of Ontario,* 44 NY2d 934; *Cherry v Time Warner, Inc.,* 66 AD3d 233; *Reyes v City of New York,* 63 AD3d 615; *Pier 59 Studios, L.P. v Chelsea Piers, L.P.,* 40 AD3d 363.)

*LeClairRyan,* New York City (*Barry A. Cozier* and *Ralph Berman* of counsel), for respondent. I. The trial court's interlocutory orders did not "necessarily affect" the trial court's final judgment. (*Dog Owners Assn. of N.Y. State, Inc. v Hilleboe,* 206 Misc 119, 307 NY 734; *Matter of Aho,* 39 NY2d 241; *Silverman*

*v Bryan*, 216 AD2d 554; *Barrett Japaning, Inc. v Bialobroda*, 68 AD3d 474; *Bogal v Finger*, 59 AD3d 653; *Marini v Lombardo*, 39 AD3d 824; *Oakwood Realty Corp. v HRH Constr. Corp.*, 19 AD3d 668; *Sunrise Plaza Assoc. v International Summit Equities Corp.*, 288 AD2d 299; *Ahmadi v Romano*, 226 AD2d 409; *Mars Assoc. v New York City Educ. Constr. Fund*, 126 AD2d 178.) II. Appellants cannot pursue an independent postjudgment appeal of the trial court's non-final order. (*Matter of Aho*, 39 NY2d 241; *LaBarbera v New York Eye & Ear Infirmary*, 91 NY2d 207; *People v Belge*, 41 NY2d 60; *Lomonaco v United Health Servs. Hosps., Inc.*, 16 AD3d 958.)

## OPINION OF THE COURT

JONES, J.

The primary question in this commercial dispute involving, among other things, the right to a leasehold to certain commercial property, is whether, pursuant to the "necessarily affects" requirement (CPLR 5501 [a] [1]), defendants' appeal to the Appellate Division from a judgment declaring plaintiff Siegmund Strauss, Inc. (Strauss) the lawful tenant of the subject property brought up for review two non-final Supreme Court orders: one dismissing defendants' counterclaims and third-party complaint (2007 NY Slip Op 32436[U] [2007]) and the other denying defendants' motion for leave to amend their answer. We conclude the Appellate Division improperly held that defendants' appeal from the judgment did not bring up for review the order dismissing defendants' counterclaims and third-party complaint. That is, the Appellate Division erred in ruling that this order did not necessarily affect the final judgment. We do not find it necessary to address the reviewability of the order denying defendants' motion for leave to amend. Accordingly, we modify the order of the Appellate Division.

Strauss, a wholesale food and beverage vendor, entered into negotiations with defendants Windsor Brands, Ltd. (Windsor) and Twinkle Import Co., Inc. (Twinkle) to merge their corporations and operate out of a building located at 520 Exterior Street (also known as 110 East 149th Street) in the South Bronx. The building was leased by Windsor. Windsor and Twinkle were wholly owned and operated by defendants Robert and Teresa Rodriguez. Strauss and the Rodriguezes drafted but did not execute a contract to merge their businesses by which (1) Strauss would move onto the premises and Windsor would use its best efforts to help Strauss negotiate a new lease with defendant East 149th Realty Corp. (landlord), (2) Strauss would purchase

Windsor's assets for $100,000, (3) Windsor and Twinkle would dissolve and (4) the Rodriguezes would purchase a one-third interest in the resulting merged corporation. Subsequently, Strauss and the Rodriguezes began performing under the purported merger agreement even though the contract had not yet been executed, i.e., the Rodriguezes helped Strauss move into the premises, Twinkle terminated its business, and Windsor's and Twinkle's employees became Strauss's employees.

After a dispute arose between the parties, Strauss sought to buy the Rodriguezes out of the merged corporation, but no buy-out agreement was ever reached. Strauss subsequently removed the Rodriguezes from the corporation's payroll and changed the locks on the premises. Further, it is alleged that Strauss never paid the Rodriguezes the agreed upon $100,000 for Windsor's assets.

In June 2006, Strauss commenced this action against the Rodriguezes and landlord, seeking, among other things, a judgment declaring that it was the tenant entitled to sole possession of the property located at 520 Exterior Street, subject to a new lease with landlord.[1] In their answer, the Rodriguezes counterclaimed against Strauss and asserted a third-party complaint against Strauss's principals, alleging fraud, conversion, and tortious interference with a contractual relationship. They did not assert a breach of contract claim. Strauss and its principals moved to dismiss the counterclaims and third-party complaint for failure to state a cause of action.

By order entered August 6, 2007, Supreme Court granted Strauss's motion, dismissing the counterclaims and the third-party complaint. The court reasoned that the Rodriguezes' allegations made out only a breach of contract claim, not the tort claims identified in their answer. The Rodriguezes did not appeal to the Appellate Division from the August 2007 order prior to trial and entry of judgment.

After Strauss filed its note of issue, certifying readiness for trial, the Rodriguezes moved for leave to amend their answer, counterclaims, and cross claims, and to file a third-party complaint to assert claims for breach of contract. But Supreme Court, by order entered February 25, 2008, denied the motion as untimely. The Rodriguezes appealed to the Appellate Division from the February 2008 order, but did not perfect the appeal.

---

1. On October 20, 2006, Strauss and landlord executed a new lease, and Strauss subsequently withdrew its claims against landlord.

A bench trial proceeded solely on the issue of possession of the subject premises. After trial, the court adjudged Strauss the lawful tenant of the premises, subject to a lease with landlord. Judgment was entered April 7, 2009. The Rodriguezes appealed to the Appellate Division from the judgment, seeking to review the August 2007 and February 2008 orders.

The Appellate Division affirmed the judgment, holding that the appeal from the judgment did not bring up for review the prior Supreme Court orders (81 AD3d 260 [1st Dept 2010]). Specifically, the court found the August 2007 and February 2008 orders did not "necessarily affect" the April 2009 judgment because, if those orders were reversed, the Rodriguezes' "claims would be reinstated and they would be permitted to pursue a claim for breach of contract. However, the judgment which declared that Strauss was entitled to possession of the leased premises would still stand" (*id.* at 265). The court also denied the Rodriguezes' motion for enlargement of time to perfect their direct appeal of the February 2008 order and dismissed that appeal.

Defendants appeal pursuant to leave granted by this Court from so much of the Appellate Division order which affirmed Supreme Court's April 2009 judgment (17 NY3d 936 [2011]).[2] They argue that the August 2007 and February 2008 orders are reviewable upon appeal from the April 2009 judgment because they necessarily affect that judgment.

The correctness of a final judgment may turn on the correctness of an intermediate non-final order(s); thus, it is the practice of this state that an appeal from a final judgment may, on certain occasions, bring up for review the non-final order(s). Pursuant to CPLR 5501 (a) (1), an appellate court is permitted to review, on an appeal from a final judgment, any non-final determination necessarily affecting the final judgment which has not been previously reviewed by the appellate court.[3] Although it is difficult to distill a rule of general applicability regarding

---

**2.** The remaining portion of the Appellate Division order, dismissing the Rodriguezes' direct appeal from the February 2008 order, is non-final. Therefore, this Court dismissed the Rodriguezes' motion insofar as they sought leave to appeal from the non-final part of the Appellate Division order (17 NY3d at 936).

**3.** CPLR 5501 (a) (1) provides:

"An appeal from a final judgment brings up for review . . . any non-final judgment or order which necessarily affects the final judgment, including any which was adverse to the respondent on appeal from the final judgment and which, if reversed, would

the "necessarily affects" requirement, Karger has put forth a definition that is helpful in resolving many cases. According to Karger, a non-final order "necessarily affects" a final judgment "if the result of reversing that order would necessarily be to require a reversal or modification of the final [judgment]" and "there shall have been no further opportunity during the litigation to raise again the questions decided by the [non-final] order" (Karger, Powers of the New York Court of Appeals § 9:5 at 304-305, 311 [3d ed rev]).

In reaching its conclusions, the Appellate Division below relied on a test suggested by Professor David Siegel as "not perfect but helpful": "[A]ssuming that the nonfinal order or judgment is erroneous, would its reversal overturn the judgment? If it would, it's a reviewable item; if it would not, and the judgment can stand despite it, it is not reviewable" (Siegel, NY Prac § 530 at 940 [5th ed 2011]). Applying this test, the Appellate Division ruled that because the April 2009 judgment would stand if the August 2007 and February 2008 orders were reversed, those non-final orders did not necessarily affect the judgment.

The Appellate Division's ruling that the prior non-final order dismissing the defendants' counterclaims and third-party claims is not reviewable—because it did not necessarily affect the final judgment—does not comport with our jurisprudence (*see e.g. Draper v Georgia Props.*, 94 NY2d 809 [1999] [Court implicitly concluded that an intermediate order dismissing a counterclaim necessarily affects the final judgment]; *Lasidi v Financiera Avenida*, 73 NY2d 947 [1989] [same as *Draper*]; *Karlin v IVF Am.*, 93 NY2d 282, 290 [1999] [Court explicitly stated that an intermediate order dismissing a cause of action necessarily affects the final determination]; *Scarangella v Thomas Built Buses*, 93 NY2d 655 [1999] [Court implicitly concluded same]; *Bartoo v Buell*, 87 NY2d 362 [1996] [same as *Scarangella*]). Thus, where the prior non-final order dismissed a cause of action or counterclaim pleaded in a complaint or answer, this Court has not applied a definition of "necessarily affects" as narrow as that employed by the Appellate Division in this case. To satisfy "necessarily affects" in this context, it is not required, as the Appellate Division held, for the reinstatement of the

entitle the respondent to prevail in whole or in part on that appeal, provided that such non-final judgment or order has not previously been reviewed by the court to which the appeal is taken."

Rodriguezes' counterclaim upon a reversal or modification to overturn completely the judgment which declared that Strauss was entitled to possession of the leased premises.

Supreme Court, pursuant to CPLR 3211 (a) (7),[4] dismissed the Rodriguezes' counterclaims and the third-party complaint. Specifically, Supreme Court dismissed the Rodriguezes' fraud and conversion claims because it determined that the facts as alleged only made out a claim for breach of contract. Thus, consistent with an aspect of the necessarily affects requirement recognized by Karger, the August 2007 order necessarily affected the final judgment because it was in that order Supreme Court dismissed the counterclaims and third-party claim pursuant to CPLR 3211 (a) (7). Put another way, because Supreme Court's dismissal of the counterclaims and third-party claim necessarily removed that legal issue from the case (i.e., there was no further opportunity during the litigation to raise the question decided by the prior non-final order), that order necessarily affected the final judgment. In light of the foregoing, the Appellate Division erred in holding that the Rodriguezes' appeal from Supreme Court's April 2009 final judgment did not bring up for review the August 2007 non-final order because the August 2007 order necessarily affected the April 2009 final judgment. Accordingly, we remit this matter to the Appellate Division for review of Supreme Court's August 2007 order, together with the final judgment.

Because the review that we find permissible goes to a motion directed to the counterclaims and third-party claim as originally pleaded, we find it unnecessary to address the order denying the motion to amend the answer.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be modified, without costs, by remitting the matter to that court for further proceedings in accordance with this opinion and, as so modified, affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order, insofar as appealed from, modified, etc.

---

4. When deciding a 3211 (a) (7) motion, the facts as alleged in the complaint and the opposition papers must be accepted as true; the court must accord the plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory.