# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1213.2
CA 12-01183
PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

VIRGINIA S. PAUL, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

DAVID G. COOPER, AS ADMINISTRATOR OF THE ESTATE
OF ERNEST R. COOPER, DECEASED, UNITED REFINING
HOLDINGS, INC., DOING BUSINESS AS KWIK FILL GAS
STATION, UNITED REFINING COMPANY OF PENNSYLVANIA,
UNITED REFINING CO., AND UNITED REFINING, INC.,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

MICHAEL J. CROSBY, HONEOYE FALLS, FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF LAURIE G. OGDEN, ROCHESTER (DAVID F. BOWEN OF COUNSEL),
FOR DEFENDANT-RESPONDENT DAVID G. COOPER, AS ADMINISTRATOR OF THE
ESTATE OF ERNEST R. COOPER, DECEASED.

MACDONALD & HAFNER, ESQS., BUFFALO (PHYLISS A. HAFNER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS UNITED REFINING HOLDINGS, INC., DOING BUSINESS
AS KWIK FILL GAS STATION, UNITED REFINING COMPANY OF PENNSYLVANIA,
UNITED REFINING CO., AND UNITED REFINING, INC.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered March 2, 2012. The order settled the record for the appeal taken from an order entered May 20, 2011.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Plaintiff appeals from two orders entered in connection with her personal injury action. Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she was struck by a motor vehicle operated by Ernest R. Cooper, who is now deceased. On a prior appeal, we held that Supreme Court erred in granting that part of the motion of certain defendants for summary judgment dismissing plaintiff's claims against them (*Paul v Cooper*, 45 AD3d 1485, 1486). The court thereafter issued a series of orders, including an order granting the motion of plaintiff's trial attorney to withdraw from representing her and granting her trial attorney a lien upon the proceeds of the action, and an order granting a motion to dismiss plaintiff's claim for lost wages due to plaintiff's violation of the court's discovery orders. The matter was then

scheduled for trial. Plaintiff appeared in court on the trial date but was unprepared to proceed due to, inter alia, her failure to have witnesses available. In appeal No. 1, plaintiff appeals from an order finding her to be in default and dismissing the complaint.

Plaintiff sought to include in the record on appeal in appeal No. 1 numerous documents concerning the court's prior orders, contending that they necessarily affected the finding of default. In appeal No. 2, she appeals from an order in which the court refused to settle the record on appeal in appeal No. 1 "in the form proposed by plaintiff."

Addressing first the order in appeal No. 2, we conclude that the court erred in determining that the prior nonfinal orders and related motion papers submitted by plaintiff should not be included in the record in appeal No. 1. The complete record on appeal must include "all necessary and relevant motion papers" as well as "any other reviewable order" when the appeal is from a final order or judgment (22 NYCRR 1000.4 [a] [2]; *see generally Matter of Lavar C.*, 185 AD2d 36, 39). Plaintiff is permitted to appeal from the final order entered on her default for the sole purpose of securing review, pursuant to CPLR 5501 (a) (1), of any prior contested nonfinal order that necessarily affected the final order (*see James v Powell*, 19 NY2d 249, 256 n 3, *rearg denied* 19 NY2d 862). When plaintiff moved to settle the record on appeal, she sought to include the court's prior orders and related documents in the record, contending that those orders necessarily affected the final order entered on her default. Without examining the prior orders and related papers, we cannot review the propriety of the court's determination that the order entered on default was not necessarily affected by those documents. Thus, although "the notice of appeal from the [final order] does not have to recite that the appeal is also taken from the nonfinal order[s], to obtain review of the nonfinal order[s] the record submitted must contain the papers on which the order[s were] based, and the briefs may argue the validity of the order[s]" (*Austrian Lance & Stewart v Jackson*, 50 AD2d 735, 736). Consequently, we reverse the order in appeal No. 2 and grant plaintiff's motion, thereby directing that the record in appeal No. 1 be expanded to include the materials that were submitted to the court in appeal No. 2.

With respect to appeal No. 1, having reviewed the court's prior nonfinal order relieving plaintiff's counsel, we agree with the court that the order did not necessarily affect the finding of default (*see* CPLR 5501). Thus, that nonfinal order is not reviewable (*see Siegmund Strauss, Inc. v E. 149th Realty Corp.*, 81 AD3d 260, 265, quoting Siegel, NY Prac § 530, at 910 [4th ed], *mod on other grounds* ___ NY3d ___ [Oct. 23, 2012]). We further conclude, however, that the court's other prior nonfinal order dismissing plaintiff's claim for lost wages necessarily affects the final order and thus is reviewable (*see Karlin v IVF Am.*, 93 NY2d 282, 290), because dismissal of that claim "necessarily removed that legal issue from the case (i.e., there was no further opportunity during the litigation to raise the question decided by the prior [nonfinal] order)" (*Siegmund Strauss, Inc.*, ___ NY3d at ___). Nevertheless, we conclude that plaintiff's contentions concerning that order are without merit. The record reflects that

plaintiff refused to comply with discovery demands as late as five days before trial, and thus the court did not abuse its discretion in dismissing the claim for lost wages (*see Carpenter v Browning-Ferris Indus.*, 307 AD2d 713, 715-716).  We have considered plaintiff's remaining contentions and conclude that they are without merit.