Martin v Silver (2019 NY Slip Op 01833)





Martin v Silver


2019 NY Slip Op 01833


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Acosta, P.J., Manzanet-Daniels, Kapnick, Kahn, Oing, JJ.


8705 103214/10

[*1]Svetlana Martin, Plaintiff-Appellant,
v
Stephen Silver, M.D., Defendant-Respondent.


Svetlana Martin, appellant pro se.
DeCorato Cohen Sheehan & Federico LLP, New York (Amanda L. Tate of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Alexander M. Tisch, J.), entered May 26, 2017, which granted defendant's motion for a directed verdict, deemed appeal from judgment, same court and Justice, entered February 27, 2018 (CPLR 5220[c]), and, so considered, said judgment, unanimously affirmed, without costs.
Plaintiff failed to adduce expert testimony establishing that the information disclosed to her about the risks inherent in the procedure was qualitatively inadequate or that defendant deviated or departed from any accepted standard of medical practice (Gardner v Wider, 32 AD3d 728, 730 [1st Dept 2006] [lack of informed consent]; Rivera v Jothianandan, 100 AD3d 542 [1st Dept 2012], lv denied 21 NY3d 861 [2013] [medical malpractice]).
We have considered plaintiff's remaining arguments with respect to informed consent and medical malpractice and find them unavailing.
We lack jurisdiction to entertain plaintiff's arguments as to the trial court's grant of defendant's motions in limine, preclusion of plaintiff's expert, or refusal to admit the out-of-state records of one of her doctors. Plaintiff's notice of appeal does not refer to or otherwise incorporate those determinations (see CPLR 5515[1]; Frank v City of New York, 161 AD3d 713, 713 [1st Dept 2018]), and those determinations do not necessarily affect the final judgment (see CPLR 5501[a][1]; Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 42 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK