Lam Thi Nguyen, Petitioner-Landlord-Respondent, 
against
Lloganaj Perparim, Respondent-Appellant.



Tenant appeals from a final judgment of the Civil Court of the City of New York, Bronx County (Krzysztof Lach, J.), entered on or about September 7, 2018, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding. The appeal brings up for review an order of the same court (Arlene H. Hahn, J.), dated July 19, 2018, which denied tenant's motion to dismiss the proceeding.




Per Curiam.
Final judgment (Krzysztof Lach, J.), entered on or about September 7, 2018, reversed, with $30 costs, tenant's defense challenging service of the notice of termination reinstated, and the matter remanded to Civil Court for further proceedings on the holdover petition.
The July 19, 2018 order (Arlene H. Hahn, J.), in effect, dismissing tenant's defense of lack of service of the 30-day notice of termination, necessarily affected the subsequent final judgment and thus is reviewable on appeal, because dismissal of that defense asserted in the answer "necessarily removed that legal issue from the case" (Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 43 [2012]).
Turning to the merits, the defense should not have been stricken on the ground that it was waived when tenant interposed an unrelated counterclaim. Although the assertion of an unrelated counterclaim will waive a defense of lack of personal jurisdiction (see Textile Tech. Exch. v Davis, 81 NY2d 56 [1993]), this rule has no application to a defense challenging the service of a predicate notice of termination because such defense does not implicate personal jurisdiction (see 156 Nassau Ave. HDFC v Tchernitsky, 62 Misc 3d 140[A], 2019 NY Slip Op 50059[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: June 21, 2019