Stanescu v Stanescu (2022 NY Slip Op 04186)

Stanescu v Stanescu

2022 NY Slip Op 04186

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2017-10082 
2018-01859
2021-06246
 (Index No. 13707/11)

[*1]John Stanescu, appellant, 
v
Catherine Stanescu, respondent.

Robert K. Fischl, East Meadow, NY (Gerald Goll of counsel), for appellant.
Brosnan & Hegler, LLP, Garden City, NY (Mark J. Brosnan and Theresa M. Chandler of counsel), for respondent.
In an action, inter alia, to set aside a deed conveying real property, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), entered August 14, 2017, (2) an order of the same court (Charles D. Wood, J.) dated January 10, 2018, and (3) a judgment of the same court (Helen M. Blackwood, J.) dated May 21, 2019. The order entered August 14, 2017, inter alia, in effect, granted the defendant's motion pursuant to CPLR 3126 for discovery sanctions to the extent of precluding the plaintiff from offering any evidence at trial regarding rental income, expenses, or losses for the subject property for the period of 1999 through 2011. The order dated January 10, 2018, inter alia, denied the plaintiff's motion for summary judgment on the complaint. The judgment, made after a nonjury trial, is in favor of the defendant and against the plaintiff dismissing the complaint.

DECISION & ORDER
Motion by the respondent to dismiss the appeals from the orders on the ground that the right of direct appeal therefrom terminated upon entry of the judgment in the action. By decision and order on motion of this Court dated October 13, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeals from the orders on the ground that the right of direct appeal therefrom terminated upon entry of the judgment is granted; and it is further,
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff-appellant and the defendant-respondent are brother and sister. They inherited certain income-producing real property, as tenants in common, through their father's will. The plaintiff subsequently signed a durable general power of attorney in favor of the defendant, authorizing the defendant to act as the plaintiff's agent with regard to, inter alia, real estate transactions, and "all other matters." By a deed dated April 26, 2005, the defendant transferred the plaintiff's 50% interest in the subject property to herself, signing the plaintiff's name as attorney-in-fact.
On August 22, 2011, the plaintiff commenced this action to set aside the deed and, inter alia, to recover his share of the rental income which was received after the defendant transferred the plaintiff's interest in the property to herself. The plaintiff appeals from an order entered August 14, 2017, inter alia, finding that he obstructed the discovery process and repeatedly failed to comply with court directives, and, in effect, granting the defendant's motion pursuant to CPLR 3126 for discovery sanctions to the extent of precluding the plaintiff from offering evidence or testimony at trial or otherwise of rental income, expenses, or losses for the property for the period of 1999 through 2011. The plaintiff also appeals from an order dated January 10, 2018, inter alia, denying his motion for summary judgment on the complaint. The matter proceeded to a nonjury trial, and the plaintiff appeals from the resulting judgment dated May 21, 2019, in favor of the defendant and against the plaintiff dismissing the complaint.
The appeals from the order entered August 14, 2017, and the order dated January 10, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised in the appeal from the order entered August 14, 2017, are brought up for review and have been considered on the appeal from the judgment because the order "necessarily affect[ed]" the judgment (CPLR 5501[a][1]).
This Court cannot review the issues raised in the appeal from the order dated January 10, 2018. A nonfinal order may be reviewed on appeal from a final judgment only if the order "necessarily affects" the final judgment (id.; see Bonczar v American Multi-Cinema, Inc., ___ NY3d ___, ___, 2022 NY Slip Op 02835, *2). The Court of Appeals has determined that a nonfinal order "necessarily affects" the final judgment "in cases where the prior order str[uck] at the foundation on which the final judgment was predicated," such that "reversal would inescapably have led to a vacatur of the judgment" (Bonczar v American Multi-Cinema, Inc., ___ NY3d at ___, 2022 NY Slip Op 02835, *2 [internal quotation marks omitted]; see Matter of Aho, 39 NY2d at 248). The Court of Appeals also has determined that a nonfinal order necessarily affects the final judgment where the order "'necessarily removed [a] legal issue from the case' so that 'there was no further opportunity during the litigation to raise the question decided by the prior non-final order'" (Bonczar v American Multi-Cinema, Inc., ___ NY3d at ___, 2022 NY Slip Op 02835, *2, quoting Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 41). Here, the Supreme Court denied the plaintiff's motion for summary judgment, concluding, in effect, that the plaintiff failed to eliminate triable issues of fact related to the transfer of the property. The order did not strike at the foundation on which the final judgment was predicated, nor did it necessarily remove any legal issues from the case, since "[t]he parties had further opportunity to litigate those issues and in fact did so during the . . . trial" (Bonczar v American Multi-Cinema, Inc., ___ NY3d at ___, 2022 NY Slip Op 02835, *2). Thus, the order dated January 10, 2018, did not necessarily affect the judgment.
The Supreme Court providently exercised its discretion by, in effect, granting the defendant's motion pursuant to CPLR 3126 for discovery sanctions to the extent of precluding the plaintiff from introducing evidence of rental income, expenses, or losses for the property for the period of 1999 through 2011 (see CPLR 3120[1]; 3126; Lieberman v Green, 190 AD3d 713).
Accordingly, we affirm the judgment in favor of the defendant.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court