167 8th Ave. LLC v Goldstein (2025 NY Slip Op 25260)

[*1]

167 8th Ave. LLC v Goldstein

2025 NY Slip Op 25260

Decided on December 2, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on December 2, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570315/25

167 8th Avenue LLC, Petitioner-Landlord-Respondent,
against
Jared Goldstein, Respondent-Tenant-Appellant.

Tenant appeals from an order and two final judgments of the Civil Court of the City of New York, New York County (Daniele Chinea, J.), each entered on or about August 5, 2024, after a nonjury trial, awarding landlord possession and a recovery of $234,300 in a nonpayment summary proceeding. The appeal brings up for a review so much of an order (same court and Judge), dated March 20, 2023, which, among other things, dismissed tenant's fifth and sixth affirmative defenses and second counterclaim.

Per Curiam.
Final money judgment (Daniele Chinea, J.), entered on or about August 5, 2024, reversed, with $30 costs, tenant's fifth and sixth affirmative defenses and second counterclaim reinstated, and matter remanded for further proceedings. Appeal from final judgment of possession (Daniele Chinea, J.), entered on or about August 5, 2024, dismissed, without costs, as moot. Appeal from order (Daniele Chinea, J.), entered on or about August 5, 2024, dismissed, without costs as subsumed in the appeal from the final money judgment.
The possessory issues raised on this appeal have been rendered moot since tenant was evicted during the appeal's pendency (see Makus v Russo, 237 AD2d 762, 762-763 [1997]). Therefore, the appeal from the final judgment of possession is dismissed. Although the money judgment was satisfied, there was no "compromise or agreement not to pursue the appeal" (Matter of Seagroatt Floral Co. (Riccardi), 78 NY2d 439, 448 n* [1991]). Thus tenant's right to pursue the appeal of the monetary claims was not terminated. 
The interlocutory order dated March 20, 2023, among other things, dismissed tenant's fifth and sixth affirmative defenses and second counterclaim, alleging that the premises are rent stabilized and that he has been overcharged. This order "necessarily affected" the subsequent final money judgment and thus is reviewable on appeal (see Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 43 [2012]).
We note that subsequent to the court's March 2023 order, but while this action was still pending, the legislature enacted amendments to the Rent Stabilization Law and Code relating to establishing fraud in the context of the rent regulatory scheme. These amendments apply to all claims pending as of December 22, 2023, including tenant's claims herein (L 2023, ch 760; L [*2]2024, ch 95; Gomes v Vermyck, LLC, 238 AD3d 26 [2025]). As relevant here, the amendments direct the courts to return to the fraud analysis in Thornton v Baron (5 NY3d 175 [2005]) and Matter of Grimm v State of NY Div. of Hous. & Community Renewal Off. of Rent Admin. (15 NY3d 358 [2010]) in implementing "the intent of the legislature to discourage and penalize fraud against the rent regulatory system itself, as well as against individual tenants" (L 2023, ch 760, § 1, part B, § 1), and also permit us to consider "records of any age or type, going back to any date that may be relevant" to establish whether an apartment was properly deregulated (L 2024, ch 95, § 4; L 2023, ch 760 § 2 [a], part B, § 1; see Reichenbach v Jacin Invs. Corp., 237 AD3d 446 [2025]).
Based upon these amendments enacted after Civil Court's decision, the motion and cross-motion with respect to the aforementioned defenses and counterclaims should be reconsidered by Civil Court on a complete record (see Hadzovic v Buckley Sch. in the City of NY, 238 AD3d 487, 489 [2025]; 13 E. 124 LLC v Taylor, 236 AD3d 562, 563 [2025]), under the new "totality of the circumstances" approach in determining whether an owner has "knowingly engaged" in a fraudulent scheme to remove an apartment from rent stabilization protections (see Cox v 36 S Oxford St, LLC, 237 AD3d 604, 605, 606 [2025]; Alekna v 207-217 W. 110 Portfolio Owner LLC, 241 AD3d 414, 415 [2025])
We do not pass upon tenant's application for discovery, which was denied as moot below. Our disposition is without prejudice to tenant renewing his application for such relief in Civil Court.
We have considered tenant's remaining arguments and find them either unpreserved or unavailing.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: December 2, 2025