Matter of Mills v Zellner (2026 NY Slip Op 01640)

Matter of Mills v Zellner

2026 NY Slip Op 01640

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

38 CAE 24-01946

[*1]IN THE MATTER OF JOHN J. MILLS, SCOTT A. MARCISZEWSKI AND JOETTE A. TRONOLONE, PETITIONERS-PLAINTIFFS-APPELLANTS,
vJEREMY J. ZELLNER AND RALPH M. MOHR, COMMISSIONERS CONSTITUTING THE ERIE COUNTY BOARD OF ELECTIONS, ERIE COUNTY LEGISLATURE, RESPONDENTS-DEFENDANTS-RESPONDENTS, RANDALL C. SIFORD, STANLEY SLIWA, WILLIAM F. SCHMIND, JR., MICHELLE J. SCHOENEMAN, ELIZABETH A. BRINKWORTH, THOMAS W. PEMBERTON AND MINORITY CAUCUS OF THE ERIE COUNTY LEGISLATURE, INTERVENORS-RESPONDENTS. 

PIGOTT LAW GROUP, WILLIAMSVILLE (DAVID J. PIGOTT OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.
PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), AND HODGSON RUSS LLP, FOR RESPONDENTS-DEFENDANTS-RESPONDENTS JEREMY J. ZELLNER, COMMISSIONER CONSTITUTING THE ERIE COUNTY BOARD OF ELECTIONS, AND ERIE COUNTY LEGISLATURE.
THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT RALPH M. MOHR, COMMISSIONER CONSTITUTING THE ERIE COUNTY BOARD OF ELECTIONS.
JEROME D. SCHAD, WILLIAMSVILLE, FOR INTERVENORS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Amy C. Martoche, J.), entered October 17, 2024, in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The order and judgment, inter alia, denied the application of plaintiffs for a declaratory judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In 2022, the Erie County Legislature adopted Local Law No. 2, which established boundaries for county legislative districts in reliance on the 2020 census results. The district boundaries were depicted on maps (desk maps) that had been placed on the legislators' desks by a legislative clerk upon the introduction of Local Law No. 2, and the districts themselves were more particularly described within the text of Local Law No. 2 by metes and bounds. The metes and bounds descriptions, however, contained multiple errors, describing districts stretching far beyond Erie County. When the County Legislature declined to pass a law correcting the errors in the metes and bounds descriptions, staff of the Erie County Board of Elections assigned voters to legislative districts using corrected metes and bounds descriptions prepared in reliance on the district boundaries as depicted in the desk maps, with one technical anomaly corrected to reflect the legislative intent not to have election districts cross village boundaries.
Petitioners-plaintiffs (petitioners) thereafter commenced this hybrid CPLR article 78 proceeding and declaratory judgment action claiming, inter alia, that respondents-defendants [*2]Jeremy J. Zellner and Ralph M. Mohr, at the relevant time Commissioners constituting the Erie County Board of Elections (Board), acted ultra vires and in violation of the Election Law by unilaterally redrawing and reapportioning the legislative districts, and seeking an order directing, among other things, that the Board publish district boundary maps that accorded with Local Law No. 2. Randall C. Siford, Stanley Sliwa, William F. Schmind, Jr., Michelle J. Schoeneman, Elizabeth A. Brinkworth, and Thomas W. Pemberton (intervenors) moved to intervene, and Supreme Court granted that motion. The intervenors filed a cross-petition, and the court subsequently, inter alia, granted a motion by the intervenors for partial summary judgment on their cross-petition, in part, by "determining and declaring that Local Law 2 . . . is to be construed in accordance with the [d]esk [m]aps." The court thereafter conducted a hearing to determine whether the corrected metes and bounds descriptions prepared by the Board's staff reflected the boundaries depicted in the desk maps. Following the hearing, the court issued an order and judgment that, inter alia, granted the intervenors' cross-petition, in part, by declaring that the Board's actions in updating its database and assigning voters to legislative districts in accordance with the corrected metes and bounds descriptions was proper and lawful, granted the amended petition-complaint, in part, by directing the Board to publish and make available maps of the new legislative districts, and dismissed petitioners' remaining claims. Petitioners appeal from those parts of the order and judgment that are adverse to them. We affirm.
Preliminarily, we agree with petitioners that the court's order on the intervenors' summary judgment motion, to the extent it dismissed petitioners' claim asserting that the Board violated the Municipal Home Rule Law, "necessarily affects the final judgment" (CPLR 5501 [a] [1]) and, thus, is properly before us on their appeal from the final judgment (see Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025-1026 [2022], rearg denied 38 NY3d 1170 [2022]; Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 41-42 [2012]).
We reject petitioner's contention that the court erred in determining, after the hearing, that the corrected metes and bounds descriptions prepared by the Board's staff effectuated the Legislature's intent. In reviewing the court's determination, "we weigh the evidence presented and award judgment as warranted by the record, giving due deference to the court's evaluation of the credibility of the witnesses and the quality of proof" (Capizzi v Brown Chiari LLP, 194 AD3d 1457, 1458 [4th Dept 2021]; see Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.], 20 AD3d 168, 170 [4th Dept 2005]). Here, the hearing record establishes that the desk maps were before the Legislature for consideration along with proposed Local Law No. 2 and, furthermore, that the corrected metes and bounds descriptions implemented by the Board comported with the boundaries as shown on the desk maps, except for a single de minimis change made to avoid the creation of an invalid election district and effectuate the Legislature's intent not to have the legislative districts cross village boundaries.
We have reviewed the parties' remaining contentions and conclude that none warrants reversal or modification of the order and judgment.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court